THOMAS T. READ et al., Respondents, *v.* GEORGE C. WILLIAMS et al., as Executors, etc., et al., Appellants.

The next of kin of a testator may bring an equitable action for the construction of his will where the disposition made therein of personal property is claimed to be invalid or inoperative for any cause. Although in such a case the next of kin claim in hostility to the will, the executors, in case it is invalid or cannot take effect, hold the personalty upon a resulting trust for those entitled under the Statute of Distributions, and jurisdiction attaches as incident to the jurisdiction of equity over trusts.

*Chipman* v. *Montgomery* (63 N. Y. 221); *Horton* v. *Cantwell* (108 id. 255), distinguished.

While the law recognizes the right of a testator to create by will powers of appointment and selection, and will sustain dispositions of property made pursuant thereto, although the testator did not designate the particular individuals in whose favor the power should be exercised, this right is subject to the limitation that the testator must designate the class of persons in whose favor the power may be exercised, with sufficient certainty so that the court can ascertain who were the objects of the power.

A power to select beneficiaries from all the members of the community, or all corporations of a particular class, wherever they may exist, however numerous, is void for indefiniteness.

The Statute of Powers presupposes that a power of selection must be so defined in respect of the objects that there are persons who can come into court and show that they are "designated as objects of the trust," and demand the enforcement of the power as authorized by the statute. (1 R. S. 734, § 100.)

The validity of a power contained in a will depends upon its nature, and not its execution, and if invalid, as to any property not validly disposed of by the will, the heirs and next of kin of the testator take title thereto, under the laws of descents and distribution, immediately on the death of the testator.

A power of sale in a will, however peremptory in form, if it can be seen that it was inserted in aid of a particular purpose of the testator, or to accomplish his general scheme of distribution, does not *ipso facto* operate as a conversion where the scheme or purpose fails by reason of illegality, lapse or other cause.

A codicil to the will of McC. gave her residuary estate, "after the same shall be converted into money, to such charitable institutions and in such proportions as her executors, by and with the advice" of H., "shall choose and designate." The executors, after the death of the testatrix, with the advice and approval of H., made a written choice and designation of certain charitable institutions incorporated under the laws of this state, authorized to take real and personal property by devise and bequest, among whom they directed the residuary estate to be divided. *Held*, that the power conferred by the will was void for indefiniteness, and was not validated by its attempted execution.

By her original will, McC. gave her residuary estate to certain specified corporations, "after the same shall have been converted into money," using the same language as in the substituted power in the codicil, and she also directed her executors to sell and convert into cash all her real estate; also "to do all and other acts and things which may be proper and requisite for the purpose of and to accomplish * * * the carrying out all of the provisions" of the will. *Held*, that the conversion was required simply for the purposes of the will; that the gift failing, the purpose of the conversion ceased, the direction to sell the real estate was no longer imperative; and so, the power did not work an equitable conversion.

The will and a codicil set apart a trust fund to be perpetually kept by the executors and trustees and their successors, the income to be applied for cemetery purposes. *Held*, that the provision was void as an unlawful suspension of the absolute ownership of personal property.

(Argued January 28, 1891; decided February 24, 1891.)

SICKELS — VOL. LXXX.     71

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 7, 1889, which affirmed a judgment entered upon a decision of the court on trial at Special Term which adjudged certain clauses in the last will and second codicil thereto of Catherine M. McCoskry, deceased, to be invalid.

This action was brought by certain of the next of kin and heirs at law of Catherine M. McCoskry, deceased, to determine the validity of certain clauses in her last will and testament and the codicils thereto.

The material portions of the will and codicils and facts are stated in the opinion.

*J. Edward Swanstrom* for appellant Haddock. The contention of the counsel for the respondents that the direction to sell the real estate contained in the seventh clause of the will constituted a " conversion out and out," is untenable. (*White* v. *Howard*, 46 N. Y. 162; *Cruse* v. *Barley*, 3 P. Wms. 22; 2 Kent's Comm. [12 ed.] 283; *Wright* v. *Trustees, etc.*, Hoff. Ch. 219.) A sale of the real estate was directed solely for the purpose of the will. The only purposes for which such sale became necessary were those provided for in residuary clause. That clause being invalid, the purposes for which such sale was required have wholly failed. There was, therefore, no equitable conversion, and the unsold real estate reverts to the heirs at law and not to the next of kin. (*Ackroyd* v. *Smithson*, 1 Brown Ch. 503; *Chitty* v. *Parker*, 2 Ves. 271; Lewin on Trusts [8th ed.] 149; Jarman on Wills, 619–622; Snell on Eq. [7th ed.] 197; *Cruse* v. *Barley*, 3 P. Wms. 20; *Collins* v. *Wakeman*, 2 Ves. 683; *Gibbs* v. *Rumsey*, 2 Ves. & B. 294; *Cogan* v. *Stephens*, 1 Beav. 482 n.; *Smith* v. *Claxton*, 4 Madd. 493; *Fitch* v. *Weber*, 6 Hare, 145; *Amplett* v. *Parke*, 2 Russ. & My. 221; *Eyre* v. *Marsden*, 2 Keen, 574; *Parker* v. *Linden*, 113 N. Y. 37; *Chamberlain* v. *Taylor*, 105 id. 185–194; *Jackson* v. *Jansen*, 6 Johns. 73; *Sharpsteen* v. *Tillon*, 3 Cow. 651; *Lorillard* v. *Custer*, 5 Paige, 172; *Hawley* v. *James*, 7 id. 213; *Wood* v.

*Cone,* Id. 471; *Wright* v. *Trustees, etc.,* Hoff. Ch. 202; *Wood* v. *Keys,* 8 Paige, 365; *Bogert* v. *Hertell,* 4 Hill, 492; *Slocum* v. *Slocum,* 4 Edw. Ch. 613.)

*P. H. Vernon* for Women's Hospital, appellant. The gift of money by Mrs. McCoskry is directly to charitable institutions, while to her executors is given not the fund, but a special, imperative power of appointment to select the legatees of the fund from a designated class. (1 R. S. 732, 734, §§ 74, 78, 96; *Holmes* v. *Mead,* 52 N. Y. 332; *Power* v. *Cassidy,* 79 id. 602, 610; *Pritchard* v. *Thompson,* 95 id. 76, 80.) It is submitted that in the clause of Mrs. McCoskry's codicil in question she fully conformed to all these conditions, and that the gift therein made should be sustained. (*City of Indianapolis* v. *Sturdevant,* 24 Ind. 391; *Power* v. *Cassidy,* 79 N. Y. 602, 612; *Pritchard* v. *Thompson,* 95 id. 76, 82.) The power of appointment granted by the testatrix to her executors in connection with Dr. Hall, could only be properly exercised by the selection of charitable institutions created by and existing under the laws of this state. (*In re O'Hare,* 95 N. Y. 403, 418; *Savage* v. *Burnham,* 17 id. 561, 571.) The power of appointment given to the executors is within the statute definition of "a special power in trust," because the disposition which it authorizes is limited to be made to a class of persons (institutions) other than the grantee of such power. (1 R. S. 734, § 95.) The provision in question is not invalid by reason of the statute against perpetuities. (*Robert* v. *Corning,* 89 N. Y. 225; *Cruikshank* v. *Chase,* 113 id. 337.)

*Fordham Morris* for New York House and School of Industry, appellant. The eleventh clause of the codicil is valid. (*Thompson* v. *Quimby,* 2 Bradf. 449; 3 id. 101; *Burrill* v. *Boardman,* 43 N. Y. 259; *Shipman* v. *Rollins,* 98 id. 324.) The bequest in the will at bar was to the corporation, subject to certain contingencies and by the execution of a power of appointment. It is not necessarily a trust. Its enforcement and effect is to be gathered from the Statute of Powers and adjudications on powers and powers of appointments. (3 R

S. [7th ed.] 2188 , Sugden on Vendors, 319 ; Chancery´ Precedents, 472 ; *Jackson* v. *Vedder*, 11 Johns. 169 ; *Jackson* v. *Jansen*, 6 id. 73 ; *Cutting* v. *Cutting*, 86 N. Y. 522 ; *Hutton* v. *Benkard*, 92 id. 295 , Sugden on Powers, 117 ; *In re Bierbaum*, 40 Hun, 504 ; *Jennings* v. *Conboy*, 73 N. Y. 230 ; *Power* v. *Cassidy*, 79 id. 604.) The power of alienation was not suspended, but in abeyance long enough to ascertain the condition of the estate, so as to determine whether there would be a residue or not. (1 R. S. 726, § 40 ; *Shipman* v. *Rollins*, 98 N. Y. 311 ; *Delafield* v. *Shipman*, 103 id. 469.) It is the duty of the court to so construe the will as not to defeat the intention of the testatrix. (*Pond* v. *Bergh*, 10 Paige, 152 ; *Wager* v. *Wager*, 96 N. Y. 171.)

*Manley A. Raymond* for executors, George G. Williams and William J. Quinlan, Jr., appellants. Assuming that the trial court correctly adjudged that the will worked an equitable conversion of the real estate of the testatrix into personalty, her next of kin, contending that certain provisions of her will are ineffectual, and claiming that they are entitled to the property under statutory rules, cannot maintain an action for the construction of the instrument which they allege to be invalid. (*Chipman* v. *Montgomery*, 4 Hun, 657 ; *Post* v. *Hover*, 33 N. Y. 602 ; *Bowers* v. *Smith*, 10 Paige, 193, 200 ; *Bailey* v. *Briggs*, 56 N. Y. 407, 413 ; *Wager* v. *Wager*, 89 id. 161 ; Code Civ. Pro. § 1866 ; *Horton* v. *Cantwell*, 108 N. Y. 255.) The intention of the testator must be carried out, if he has expressed that intention in such terms that it can be clearly ascertained, and if no rule of public policy will be thereby violated. (*Hartwell* v. *Wandell*, 60 N. Y. 349 ; *Holmes* v. *Mead*, 52 id. 343.) The clause of the codicil disposing of the residuary estate does not create a suspension of the power of alienation beyond two lives in being at the death of the testatrix, and is valid. (*Bradley* v. *Kuhn*, 97 N. Y. 34 ; *Everitt* v. *Everitt*, 29 id. 71, 72 ; *Smith* v. *Edwards*, 88 id. 92 ; *Loring* v. *Marsh*, 6 Wall. 337 ; 1 Sudg. on Powers [8th ed.], 128 ; 2 Story's Eq. Juris. § 1062 ; Perry on Trusts, §§ 491–496.)

When the conversion is to answer certain purposes, which fail in part or whole, the conversion ceases with its object, and reverts to its original character. In the case of converted realty the heir takes, not the next of kin. (*Ackroyd* v *Smithson*, 1 Bro. Ch. 503 ; *Cruse* v. *Barley*, 3 P. Wms. 20 , Lewin on Trusts [8th ed.], 149, 150 ; *Slocum* v. *Slocum*, 4 Edw. 613 ; *Wood* v. *Cone*, 7 Paige, 471 ; *Jackson* v. *Jansen*, 7 Johns. 73 ; *Wright* v. *Trustees, etc.*, Hoff. Ch. 202, 219, 220 ; *Betts* v. *Betts*, 3 Abb. [N. C.] 317, 419, 420 ; *Gourley* v. *Campbell*, 66 N. Y. 169, 174 ; *Sharpsteen* v. *Tillou*, 3 Cow. 651 ; *Chitty* v. *Parker*, 2 Ves. 571 ; Bispham's Pr. Eq. § 315.) When, however, the conversion is out and out, that is, not to answer particular purposes, but to answer generally all ends of the testator, any surplus arising is considered personalty forever, and does not revert to the heir. (*Cruse* v. *Barley*, 3 P. Wms. 20, 38 , Bispham's Pr. Eq. §§ 317, 318, 319 ; 5 Leigh & Dalz. on Eq. Conv. 128 ; *Fitch* v. *Weber*, 6 Hare, 145 ; *Amphlet* v. *Parke*, 2 R. & M. 221 ; Lewin on Trusts, 149, 150 ; *Wright* v. *Trustees, etc.*, Hoff. Ch. 202.)

*John E. Parsons* for Board of Home Missions, appellant.

*Charles A. Jackson* for respondents. The court has jurisdiction. (*Bowers* v. *Smith*, 10 Paige, 193 , *Wager* v. *Wager*, 89 N. Y. 161.) The next of kin have a right to maintain this action. (*Bowers* v. *Smith*, 10 Paige, 200 ; *Wager* v. *Wager*, 89 N. Y. 166 ; *Holland* v. *Alcock*, 108 id. 312.) This estate is all personalty. (*Fisher* v. *Banta*, 66 N. Y. 476 ; 2 Redf. on Wills, 125, 126 ; *Delafield* v. *Barlow*, 107 N. Y. 535 ; *Hobson* v. *Hale*, 95 id. 596.) The mortuary clause is invalid. (3 R. S. [7th ed.] 2256.) The eleventh clause of the second codicil concerning the residuum is void. (*Williams* v. *Williams*, 8 N. Y. 527 ; *Holland* v. *Alcock*, 108 id. 312 ; *Prichard* v. *Thompson*, 95 id. 80 ; 1 Perry on Trusts [2d ed.], § 253 ; *Bascom* v. *Albertson*, 34 N. Y. 590 ; *Owens* v. *M. Society*, 14 id. 380 ; *Leonard* v. *Burr*, 18 id. 96 ; *Phelps* v. *Pond*, 23 id. 69 ; *Beekman* v. *Bonsor* Id. 298 , *Downing* v. *Marshal*, Id. 396 ; *Levy* v. *Levy*, 33 id. 107.) There being no trustee,

there being no trust created with respect to the fund, and no person or corporation entitled to take as beneficiary, it follows that the estate vested on the death of Mrs. McCoskry in her next of kin. With respect to the residuum she died intestate, and they succeeded instantly by operation of law. An estate so vested cannot be divested by any subsequent act of any person other than the inheritors. And the next of kin take under the Statute of Distributions. (*Holland* v. *Alcock*, 108 N. Y. 312; *Prichard* v. *Thompson*, 95 id. 80; *Bascom* v. *Albertson*, 34 id. 590; *Chamberlain* v. *Chamberlain*, 43 id. 429.)

ANDREWS, J. The jurisdiction of a court of equity to entertain an action in behalf of the next of kin of a testator for the construction of a will disposing of personal estate where the disposition made by the testator is claimed to be invalid or inoperative for any cause was asserted by the chancellor in *Bowers* v. *Smith* (10 Pai. 200), and was maintained in *Wager* v. *Wager* (89 N. Y. 161), and in *Holland* v. *Alcock* (108 id. 312).

It is true that in such cases the next of kin claim in hostility to the will, but the executors, in case the disposition made by the testator is invalid or cannot take effect, hold the personalty upon a resulting trust for those entitled under the Statute of Distributions, and thereby the jurisdiction to bring an equitable action for construction and to have the resulting trust declared by the court attaches as incident to the jurisdiction of equity over trusts. The Code of Civil Procedure (§ 1866) has extended the remedy so as to include suits for construction of devises in behalf of heirs claiming adversely to the will, and it would not be consistent with the spirit of this legislation to narrow the jurisdiction in cases of bequests of personalty. The case of *Chipman* v. *Montgomery* (63 N. Y. 221), contains expressions which, considered independently of the facts of the case, may seem adverse to this view, but as was said by RAPALLO, J., in *Wager* v. *Wager* (*supra*), "the plaintiffs there had on their own showing no present interest in the property

and might never have any." The case of *Horton* v. *Cantwell* (108 N. Y. 255), was one also where the plaintiff had no interest in the ultimate disposition of the estate there in question, whether the clauses challenged were valid or invalid, and the court decided that she could not maintain the action.

It is not contended that the provision in the third paragraph of the will and the modification thereof in the second paragraph of the third codicil setting apart a trust fund to be perpetually kept by the executors and trustees and their successors, and directing the application of the income for cemetery purposes, can be upheld. These provisions are manifestly void as involving an unlawful suspension of the absolute ownership of personal property.

The principal question in the case relates to the validity of the residuary clause in the second codicil. That clause is as follows: "Eleventh. After the payment and discharge of my just debts (if any there be), funeral expenses and expenses of administration, and after all legacies and bequests mentioned in my last will and testament, as modified by my codicils, shall have been paid in full, if thereafter there shall be any residue and remainder of my estate and property, I give and bequeath such residue and remainder, after the same shall have been duly converted into money, as follows, viz. : To such charitable institutions and in such proportions as my executors, by and with the advice of my friend, Rev. John Hall, D.D., shall choose and designate." Subsequent to the death of the testatrix and prior to the commencement of this action, the executors, with the advice and approval of Dr. Hall, made a written choice and designation of certain incorporated charitable institutions organized or existing under the laws of this state, authorized to take real and personal property by devise and bequest, among whom they directed the residuary estate to be divided. It will be noticed that the particular donees of the gift are not designated in the will. They could not be known until the executors should select, in the manner pointed out, the particular charitable institutions which should take the bequest. The range of selection was unlimited, except that the appointees were

to be institutions of charity, and perhaps also it is implied that they were to be incorporated charities, because a provision is made that the institutions selected shall be under no disability to accept the legacy. But beyond this there was no limitation whatever. The selection was not confined to charitable institutions in this state or in the United States. If the power was valid, the executors, with the approval of Dr. Hall, might appoint the gift to charitable institutions anywhere in this country or in foreign countries. The will did not in terms vest the title to the property in anyone pending the exercise of the power of appointment. It was not given to the executors, nor was it given to any particular charitable institution which could be pointed out or ascertained at the death of the testatrix. If the property, under the will, vested anywhere, it was in the whole aggregate incorporated institutions of the whole world, capable of taking by devise or bequest, subject to being divested in favor of such particular charities as should thereafter be designated by the executors.

The question presented is not an original one in this court. It was decided adversely to the defendants in the case of *Prichard* v. *Thompson* (95 N. Y. 76). There is between that case and this no distinction in principle. In that case the legal title to the fund was vested in the executors in trust. In this case the executors were given simply a power in trust, without clothing them in terms with the legal title to the fund to be distributed. But this creates no legal distinction. The point of the decision in *Prichard* v. *Thompson* is that while the law recognizes the right of a testator by will to create powers of appointment and selection, and will sustain dispositions of property made pursuant thereto, although the testator himself did not designate the particular individuals in whose favor the power should be exercised, nevertheless, that this right is subject to the limitation that the testator must himself designate the class of persons in whose favor the power may be exercised, with sufficient certainty so that the court can ascertain who were the objects of the power, and that a power to select the beneficiaries from among all the members

of the community, or all corporations of a particular class, wherever they may exist, however numerous, is void for indefiniteness. Such a power is distinctly in contravention of the policy of the statute of wills. It substitutes for the will of the testator the will and discretion of the donees of the power, and makes the latter controlling in the disposition of the testator's property. That cannot fairly be said to be a disposition by the will of the testator, with which the testator had nothing to do, except to create an authority in another to dispose of the testator's property according to the will of the donee of the power, with no limitation, except that the distribution shall be made among corporations to be selected from a large class of corporations, wherever existing, answering the description in the will.

The statute of powers does not define all the purposes for which a power over property may be created. It recognizes the existence of powers of appointment and selection which were well known to the common law. But, as pointed out in the opinion of VAN BRUNT, Ch. J., in the General Term, the statute presupposes that a power of selection must be so defined in respect of the objects that there are persons who can come into the court and say that they are embraced within the class, and demand the enforcement of the power; and the same principle is recognized in the provision that " if the trustee of a power with a right of selection shall die leaving the power unexecuted, its execution shall be decreed in equity for the benefit of all persons designated as objects of the trust." (1 Rev. St. 734, § 100.) It would be manifestly impracticable for the court to ascertain what corporations constituted the whole class of charitable institutions mentioned in the will, or to decree the execution of the power for the benefit of the numerous class embraced in the description. The difficulty in this case is not avoided because the power of selection has in fact been exercised, nor because it has been exercised in favor of corporations which, if they had been the direct objects of the testator's bounty, would have been entitled to take The vice lies in the unauthorized power. What has

been done under it is in a legal sense immaterial. The validity of the power depends upon its nature and not upon its execution. The heirs and next of kin of the testatrix derive their title under the law of descents and distribution, and their rights attached immediately on the death of the testatrix, to any part of the estate not validly disposed of by the will. If the power attempted to be created by the will was valid, their rights, whatever they were, were subject to it. If invalid and there was no valid alternative disposition by the testator of the residue, they immediately became entitled. This question was considered by RAPALLO, J., in *Holland* v. *Alcock, Exr.* (*supra,* pg. 323), and it is unnecessary to further elaborate it.

We are of opinion that the court below erred in holding that the heirs of the testatrix are excluded, under the doctrine of equitable conversion, from any interest in the real estate of the testatrix remaining undisposed of. The testatrix intended to dispose of her whole estate, which consisted of both real and personal property. By the original will she gave the residue, after satisfying charges and legacies, to certain specified corporations, "after the same shall have been duly converted into money." By the seventh clause of the will she directed the executors to sell and convert into cash all her real estate, "and also to do all and other acts and things which may be proper and requisite in law for the purpose of, and to accomplish the due payment of the bequests, and the carrying out all of the provisions in this, my last will and testament contained." By her second codicil she revoked the residuary clause in the will and substituted the power to the executors to dispose of the residue to which reference has been made, and in the gift to the institutions to be designated she uses the same language as in the gift to the corporations in the will, viz., "after the same (her estate) shall have been converted into money." It seems to be quite clear that the conversion was directed for the purposes of the will. She may reasonably have supposed that it would be more convenient that the corporations should take their respective interests as money and not as land. The personal estate was largely in excess of the sum required to

pay charges and legacies outside of what was given by the residuary clause. The direction to sell the real estate apparently could have had no purpose except to accomplish an easy division of the residuary estate among the corporations to which it was to be given. The gift failing, the purpose of the conversion ceased, and the direction to sell the real estate was no longer imperative. The conversion was not directed for the purpose of distribution of the estate as money among the next of kin. The testatrix never intended that they should take it in any form. The case falls within the general principle declared in many cases, that a power of sale in a will, however peremptory in form, if it can be seen that it was inserted in aid of a particular purpose of the testator, or to accomplish his general scheme of distribution, does not operate as a conversion where the scheme or purpose fails by reason of illegality, lapse or other cause. In that case the property retains its original character, and it goes to the heir or next of kin as real estate or personalty, as the case may be. Nothing short of a clear intention, to be collected from the will, that the land shall be sold and converted into money before division, whether the particular purpose fail or not, will be sufficient in equity to change the character of the property. In England even this is not sufficient to exclude the heir in the absence of an express gift of the proceeds away from him. (*Fitch* v. *Weber*, 6 Hare, 145; *Hopkinson* v. *Ellis*, 10 Bea. 169; *Taylor* v. *Taylor*, 3 DeG., M. & G. 190; Williams on Exrs. vol. 1, 663 *et seq.*) In this country the courts do not seem to hold so strict a doctrine.

The result is that the judgment should be reversed on the appeal of the infant defendant Kate Haddock, so far as it adjudges an equitable conversion, and in other respects it should be affirmed.

All concur.

Judgment accordingly.