WILLIAM KIRK et al., Respondents, *v.* JOHN KIRK et al., Respondents, et al., Appellants.

The Supreme Court has inherent power to execute a trust, and in the absence of a trustee may and will take upon itself its execution.

A trustee when appointed is the successor of the court in the administration of the trust, and will be bound by its prior judgments and directions in regard thereto.

K. died seized of certain real estate leaving a will by which he devised said real estate to his widow for life, and directed that upon her death two commissioners should be appointed by the surrogate, who should divide the property into as many shares as the testator had children, as well those then living as those that may have died leaving lawful issue. The commissioners were directed to hold the shares allotted to the testator's daughters in trust during their lives, and upon the death of a daughter to convey her share to her lawful issue then living, if any, the issue of any deceased issue to take the parent's share *"per stirpes;"* if no issue then to convey such share to the brothers and sisters of the decedent and to the lawful issue of any one of them then deceased, such issue to take *"per stirpes."* In an action for the partition of said real estate it appeared that the widow had died, and no commissioners had been appointed. A daughter of the testator was still living; she, her children and grandchildren and every living descendant of the testator was made a party. By the interlocutory judgment a portion of the real estate was partitioned, a portion directed to be sold. A purchaser on the sale refused to complete his purchase. On motion to compel performance it appeared that the referee who made the sale had made his report thereof which had been confirmed, but final judgment had not been entered. *Held,* that the order of confirmation had, as to the purchaser, all the force and effect of a final judgment, and upon delivery of the deed his title would become perfect; that although after-born issue may have an interest they will be concluded by the judgment, as will also be the trustee when appointed, and so, the purchasers would receive a good title.

(Argued March 13, 1893; decided March 21, 1893.)

APPEAL from order of General Term of the Supreme Court in the third judicial department, made February 14, 1893,

which affirmed an order of Special Term overruling the appellants' objections to the title to land purchased by them on a sale under interlocutory judgment herein directing them to complete their purchase.

This was an action for partition.

Upon a motion to compel Michael J. and Daniel F. Mahony, purchasers at a sale under the interlocutory judgment, to complete their purchase, the following facts appeared : Andrew Kirk died in 1857 leaving a will by which he gave his property to his wife for life and upon her death provided that two commissioners should be appointed by the surrogate who should divide the estate into as many equal shares as the testator had children, " as well those then living as those that may have died leaving lawful issue then living and upon such division to set apart and allot to each of my said children then living one equal share, part or portion of my said estate and to the lawful issue of such and every of such deceased child one equal share, part or portion thereof in the place and stead of his, her or their deceased parent."

The testator then provided that after such division the commissioners should take and hold the shares allotted to his daughters in trust, to receive the rents and profits for their use during their lives and upon their deaths to convey the share of " the daughter so deceased, alloted as aforesaid to the lawful issue of such deceased daughter, if any there should be living at her death ; the issue of any deceased issue of such daughter to take in all cases *per stirpes* and not *per capita*, and if there be no lawful issue of such deceased daughter then living at her death then to assign, transfer, pay over and convey the same to the brothers and sisters of such deceased, and to the lawful issue of any who may be dead to be had and held by such issue of such deceased daughter or by such brothers and sisters, and the said issue of any who may be dead, unto him, her or them, and to his, her or their heirs, executors or administrators or assigns forever absolutely and without any trust, limitation or condition whatever, such issue of any deceased brother or sister to take *per stirpes* and not

*per capita* the part or share which his, her or their deceased parent would take if living at the decease of such daughter."

The testator's widow died before the commencement of the action. No appointment of commissioners as directed by the will was made after her death. At that time and when the judgment herein was entered, one daughter of the testator was living for whom no trustee had been appointed. She and her children and grandchildren and every living descendant of the testator was made a party to the action. The trust aforesaid was held valid by the interlocutory judgment, which directed a division of some of the land and a sale of the premises in question here, determined the rights, interests and shares of the several parties and provided as to the testator's daughter as follows:

"SEVENTH. The one-seventh part thereof is the share or portion of the same which was devised and bequeathed in and by the last will and testament of Andrew Kirk, deceased, for the use and benefit of his daughter, Isabella K. Pruyn, during the term of her natural life, the same to be held in trust for her during life, with remainder over to her issue if any, and failing issue to her brothers and sisters then living and the issue of any deceased brother or sister.

" That the parties entitled to so much of said one-seventh as consists of real estate or personal estate or the proceeds of the sale of real estate belonging to the estate of Andrew Kirk, deceased, including also in that amount the sum of $1,700 of principal of said estate charged in the report of said referee upon the share and interest of the plaintiff William Kirk, being the one-seventh part of the principal of said estate not accounted for by said William Kirk, are as follows:

"I. The defendant, Isabella K. Pruyn, is entitled to the use, rents, issues and profits thereof, so long as she shall live."

The persons who would become entitled upon the death of Isabella K. Pruyn to her share in the event of any of the contingencies mentioned in said will were specified and the judgment then provided: " That so much of the share of the defendant Isabella K. Pruyn as consists of money arising

either from the proceeds of the sale of the real estate herein-above directed to be sold, or of said sum of $1,700 of principal of the said estate of Andrew Kirk hereinabove referred to, or that shall arise from the sale of, or consist of any of the personal property of said estate or from land damages, shall be deposited in some savings bank in the city of Albany, under the title of this action, and that the same be brought into court for the use and benefit of said Isabella K. Pruyn during her natural life or until the appointment of a trustee of said share and interest of said defendant Isabella K. Pruyn."

The premises in question here were sold under the interlocutory judgment, were bid in by said Michael J. and Daniel F. Mahony, who refused to complete their purchase on the ground that no trustee had been appointed for Isabella K. Pruyn under said will.

The referee who made the sale made his report, which was confirmed, but final judgment had not been entered.

*John Whalen* for appellants. A trustee should have been appointed to represent the interest in the partition action, and it is manifest that the interlocutory decree and the orders confirming the referee's report of sale relied upon by the respondent, are wholly ineffectual to protect the rights of an innocent purchaser, as many of their provisions are absolutely void. (*Monarque* v. *Monarque*, 80 N. Y. 395; *Meade* v. *Mitchell*, 70 id. 210; *Brevoort* v. *Brevoort*, Id. 136.) In a partition sale a purchaser cannot be compelled to take title until the final judgment is entered; a sale in partition can be confirmed only by a final judgment. (Code Civ. Pro. §§ 1577, 1595; *Jordan* v. *Poillon*, 77 N. Y. 518; *Carter* v. *Carter*, 133 id. 155.)

*Louis W. Pratt* for respondents. There is no defect of parties by reason of the failure to appoint a trustee for Isabella K. Pruyn, and the one-seventh interest devised to her for life under the seventh clause of the will of Andrew Kirk. (Code Civ. Pro. § 1538.) The appointment of a trustee has not been

necessary, since the court has taken upon itself the execution of the trust. (*Greenland* v. *Waddell*, 116 N. Y. 234; *Rogers* v. *Rogers*, 111 id. 228.) The trustee is not a necessary party in order to protect and represent the persons not *in esse* who may become entitled to an interest in remainder at the time of distribution. (*Mead* v. *Mitchell*, 17 N. Y. 210; *Brevoort* v. *Brevoort*, 70 id. 136.) The appellants make the further objection that they cannot be compelled to complete their purchase until the final judgment in partition, and that the order of the Special Term confirming the referee's report is not a final judgment as required by section 1577 of the Code. This is untenable. (Code Civ. Pro. §§ 1576, 1577; *Blakeley* v. *Calder*, 15 N. Y. 617; *Cromwell* v. *Hull*, 97 id. 209; *Woodhull* v. *Little*, 102 id. 165; *Reed* v. *Reed*, 107 id. 545.)

*W. Frothingham* for respondents. There was no valid trust created after the death of testator's widow. Unless the title to the daughter's share vested in her under the sixth clause there was a suspension of the power of alienation after the death of the widow, pending the cumbersome and impracticable proceedings for the appointment and qualification of the commissioners, and up to the time when they were to take and hold the title to the daughter's share. (*Bailey* v. *Bailey*, 28 Hun, 603; *Schettler* v. *Smith*, 41 N. Y. 328.)

MAYNARD, J. We fail to find any defects in the title which the purchaser will acquire upon the partition sale, sufficient to relieve him from his obligation to complete the purchase and pay the amount of his bid. It may be assumed that the will of Andrew Kirk created a valid express trust in one-seventh of his real property for the benefit of his daughter, Mrs. Pruyn and her heirs; but the appointment of a trustee, and his presence as a party in the partition suit, was not essential to give the court complete jurisdiction of the action, and invest it with authority to render a judgment, effectually disposing of the interests of all parties in the lands which were the subject of the common tenancy. The Supreme Court has inherent

power to execute a trust, and in the absence of a trustee it may, and will take upon itself its execution. (*Rogers* v. *Rogers*, 111 N. Y. 228; *Greenland* v. *Waddell*, 116 id. 242.) It appears from the record that it has undertaken the discharge of this duty in the present case. The property is in the possession of a receiver who is an officer of the court. It has directed the trust fund to be brought into court and to be held for the precise objects for which the trust was created. The trustee, when appointed, will be the successor of the court in the administration of the trust, and will be bound by its judgments and directions now given with respect to the trust estate, to the same extent as if he had been a party to the action. The further objection is made that persons not *in esse* may have an interest in the trust estate, and that they will not be concluded by the judgment under which this sale is made. By the provisions of the will, Mrs. Pruyn was entitled to the income of the trust estate during life, and at her death the trustee was directed to pay over the share, so held in trust, to her issue then living, including the issue of any deceased issue, who were to take *per stirpes* and not *per capita*, and if there was no issue of the daughter living at her death, the trustee was directed to pay over such share to her brothers and sisters, and to the lawful issue of any deceased brother or sister, *per stirpes* and not *per capita*. Mrs. Pruyn is a party defendant, and her children and grandchildren, comprising all her descendants now living, have also been made parties, as well as all her brothers and sisters, and the descendants in being, both of the living and the deceased brothers and sisters. It thus appears that every living person, who has any interest, either vested or contingent in this share, is a party to the action, and the interlocutory judgment provides that the net proceeds of the sale shall be brought into court and deposited in a savings bank, and there remain during Mrs. Pruyn's lifetime, or until the appointment of a trustee. It is true that there is the contingency that afterborn children of Mrs. Pruyn, or of her issue, or of her brothers and sisters, or their issue, may have an interest in this part of the prop-

erty, but it is now the settled law in this state, that under the circumstances here shown to exist, they are concluded by this judgment, and cannot successfully assail the title of a purchaser under it. Whatever doubt there may have been upon this point has been put to rest, and the further discussion of the question foreclosed by the recent decision of this court in *Kent* v. *Church of St. Michael* (136 N. Y. 10 ; 49 St. Rep. 19), where the authorities are reviewed and the correct rule very clearly enunciated in the opinion of Ch. J. Earl.

The referee has made report of sale, which has been confirmed, but final judgment has not been entered, and the purchaser contends that he cannot be compelled to complete his purchase until this has been done. By the interlocutory judgment the referee is authorized to execute the deed upon the confirmation of his report of sale, upon compliance by the purchaser with the terms of sale, and it is provided that the sale shall then be valid and effectual forever. The purchaser is not concerned in the subsequent proceedings in the action. Upon the delivery of the deed his title becomes perfect, and rests upon the interlocutory judgment and the order confirming the referee's report. As to him, the order of confirmation was all the force and effect of a final judgment under section 1577. (*Woodhull* v. *Little et al.,* 102 N. Y. 165.)

In the present case actual partition has been directed of a large portion of the real property which is the subject of the action, and the proceedings cannot be finally terminated as to that part of the cause of action, until the report of the commissioners has been made, but the entry of judgment upon such report will not and cannot disturb the rights which have been acquired, and have become vested under the sale and the proceedings specially relating thereto.

The order must be affirmed, with costs.

All concur.

Order affirmed.