LAURENT J. TONNELE. Respondent, *v.* FRANCIS S. WETMORE et al., Appellants.

Will — action for construction — jurisdiction of Supreme Court — when judgment in such action binding upon after-born issue of parties thereto.

The Supreme Court has jurisdiction to entertain an action brought by an executor, trustee or *cestui que trust* to construe a doubtful or disputed trust clause in a will. Such jurisdiction is in no way dependent upon the trust being upheld.

The Supreme Court, in an action in equity within its general power, must determine whether it will assert its jurisdiction, and the parties to an action are bound by the judgment rendered, even if the determination is contrary to the generally accepted rules of equity jurisprudence, unless the same is reversed or set aside upon appeal or by some other direct attack.

Where the parties to an action in the Supreme Court, to obtain a construction of a will, owned the real property subject only to the contingency of the birth of other children within the trust term who would take some undivided interest therein, the judgment rendered is binding upon children thereafter born, occupying the same position and claiming by virtue of the same construction as asserted by the parties to that action

*Tonnele* v. *Wetmore,* 124 App. Div. 686. reversed.

(Argued April 6, 1909; decided June 15, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 23, 1908, reversing a judgment in favor of defendants entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Temple Emmet* for Francis S. Wetmore et al., appellants. The Supreme Court of this state has jurisdiction over suits involving the construction of trust provisions in a will. (*Bailey* v. *Briggs,* 56 N. Y. 407; *Anderson* v. *Anderson,* 112 N. Y. 104; *Read* v. *Williams,* 125 N. Y. 560;

*Kalish* v. *Kalish*, 166 N. Y. 368; *Hawley* v. *James*, 5 Paige, 318.) The present plaintiff was represented in the case of *Gedney* v. *Tonnele* by persons then in being who were parties defendant to that action. (*Kent* v. *Church of St. Michael*, 136 N. Y. 10; *Downey* v. *Seib*, 185 N. Y. 427; *Lorillard* v. *Coster*, 5 Paige, 172; *McArthur* v. *Allen*, 3 Fed. Rep. 313; *Fox* v. *Fee*, 24 App. Div. 314; *Ridley* v. *Halliday*, 106 Tenn. 607; *Baylor's Lessee* v. *Dejarnette*, 13 Gratt. 152; *Hale* v. *Hale*, 146 Ill. 227; *Thompson* v. *Adams*, 205 Ill. 552; *Gavin* v. *Curtin*, 171 Ill. 640; *Moseley* v. *Hankinson*, 22 S. C. 323.)

*Charles Emmet* and *Grenville T. Emmet* for Augustus Zabriskie, as guardian *ad litem*, appellant. The Supreme Court had jurisdiction to entertain the action of *Gedney* v. *Tonnele* and to render the judgment which it did in that action. (*Anderson* v. *Anderson*, 112 N. Y. 104; *Wager* v. *Wager*, 89 N. Y. 161; *Read* v. *Williams*, 125 N. Y. 560; *Holland* v. *Alcock*, 108 N. Y. 312; *Horton* v. *Cantwell*, 108 N. Y. 255; *Kalish* v. *Kalish*, 166 N. Y. 368; *Fox* v. *Fee*, 24 App. Div. 314.) Persons not in being are represented when all parties in being are before the court, some of whom have the same rights and interests which the persons not in being would have if they were in being and were parties to the suit. (*Downey* v. *Seib*, 185 N. Y. 427; *Kent* v. *Church of St. Michael*, 136 N. Y. 10; *Lorillard* v. *Koster*, 5 Paige 172; *Fox* v. *Fee*, 24 App. Div. 314; *McArthur* v. *Allen*, 3 Fed. Rep. 313; *Burlingham* v. *Vandevender*, 47 W. Va. 804; *Ridley* v. *Halliday*, 106 Tenn. 607; *Baylor's Lessee* v. *Dejarnette*, 13 Gratt. 152; *Hale* v. *Hale*, 146 Ill. 227; *Thompson* v. *Adams*, 205 Ill. 552; *Gavin* v. *Curtin*, 171 Ill. 640; *Moseley* v. *Hankinson*, 22 S. C. 323.)

*John R. Halsey* for respondent. A court of equity has no general or inherent jurisdiction to pronounce judgment as to the meaning of a will; it has none simply to pass upon purely legal rights, and such as it has is merely incident to its juris-

diction over trusts. (*Bailie* v. *Briggs*, 56 N. Y. 407; *Chipman* v. *Montgomery*, 63 N. Y. 221; *Wager* v. *Wager*, 89 N. Y. 161; *Weed* v. *Weed*, 94 N. Y. 243; *Anderson* v. *Anderson*, 112 N. Y. 104; *Mellen* v. *Mellen*, 139 N. Y. 210; *Matter of Mount*, 185 N. Y. 162.) The mere feature that there are trust provisions in a will does not give a court of equity jurisdiction to entertain an action to construe it; the action must be brought to enforce some rights under the trust. (*Post* v. *Hover*, 33 N. Y. 593; *Whitney* v. *Whitney*, 63 Hun, 59; *Chipman* v. *Montgomery*, 63 N. Y. 221; *Jones* v. *Richards*, 24 Misc. Rep. 625.) The complaint in *Gedney* v. *Tonnelle* did not state a cause of action. (*Matter of Mount*, 185 N. Y. 162; *Chipman* v. *Montgomery*, 63 N. Y. 221; *Underwood* v. *Curtis*, 127 N. Y. 523; *Horton* v. *Cantwell*, 108 N. Y. 255; Story's Eq. Plead. § 10.) The judgment in *Gedney* v. *Tonnelle* is not *res adjudicata* as against this plaintiff because his interest was not adequately represented by any party. (*Downey* v. *Seib*, 185 N. Y. 427; *Smith* v. *Secor*, 157 N. Y. 402; *Kirk* v. *Kirk*, 137 N. Y. 510; *Monarque* v. *Monarque*, 80 N. Y. 320; Brown on Juris. [2d ed.] § 2a.)

Chase, J. This is an action of ejectment, but the only questions that we will discuss upon this appeal relate to the jurisdiction of the Supreme Court, upon certain facts hereinafter stated, to entertain an action to construe a will affecting the real property mentioned in the complaint, and whether the judgment in such action is binding upon the plaintiff herein who was born subsequent to the rendition of the judgment in that action.

John Tonnele died November 26, 1852, seized of the real property mentioned in the complaint, leaving a will which was duly admitted to probate in this state. He left a widow and eight children. By his will he devised to his widow for life, or until her remarriage, said real property. After other gifts and devises, he provided by his will as follows:

"*Fifth.* All the rest and residue of my property, both real and personal, including, after the death or remarriage of my said wife, whatever I have herein given or devised to her for life or widowhood respectively, I give, devise and bequeath to my eight children, that is to say, to my son Laurent John Tonnele and my daughters Julie Emile Tonnele, Cecile Josephine Tonnele, Laurencine Salles Tonnele, Adelaide Jane Tonnele, Margaret Tonnele, Eloise Tonnele and Isabella Zedina Tonnele, to be equally divided between them, share and share alike, in such manner that each child shall receive only the net rents, income and profits of his or her share during her life, and at the death of each child his or her share shall go to and vest in his or her lawful issue, and in default of such issue living at his or her death, then to my other children and their issue in the same manner as the share of each child is herein given and limited, the children of any deceased child to take their parent's share.

"*Seventh.* And in order more fully to carry out the objects of this my will, I do hereby appoint and declare my executors hereinafter named to be trustees of all property, estate or interests herein given or devised to any one of my children, or that any of my children may be entitled to by virtue of any provision in this my last will, and during the life of such child (excepting the life estate in the mansion house devised to my son), with full power to retain all such property in their hands unsold and undivided until after the year eighteen hundred and sixty-seven. And I do authorize my said executors to sell and convey all or any part of my real estate, and all real estate that may be purchased by them, and to invest my personal estate and the proceeds of the sale of such real estate at interest on bond and mortgage of real estate, or in Government or State stocks, or to lay out the same in the improvement of my real estate or in the purchase of other real estate and the improvement thereof, as may seem to them most for the interest and advantage of my children, and for the improvement of my estate, and to change such investments as they shall judge best from time to time.

"*Eighth.* I order and direct my executors to pay over to each of my children, during his or her natural life, the net income of that part or proportion of my estate herein given or devised to such child after deducting therefrom all taxes, assessments, commissions and other annual expenses and charges, the income of each of my daughters to be paid to her upon her own receipt for her separate use, free from the control of any husband, and that of my son as well as the annuity herein granted to him on certain events, to be paid to him on his own receipt, for his own use, and not to any assignee or mortgagee of the same."

He named Cecile Tonnele, his wife, and two friends the executrix and executors of his will. Cecile Tonnele died in January, 1868. On the 2nd day of October, 1874, an action was commenced in the Supreme Court in this state for the construction of said will. The plaintiff in the action was a daughter of the testator, one of his heirs of law and next of kin, and a *cestui que trust* named in said will. She made defendants in the action the other surviving children of the testator, and his grandchildren then living. Sixteen of said defendants were infant grandchildren of the decedent. A well-known lawyer of ability and integrity was appointed guardian *ad litem* for fifteen of said grandchildren, and another reputable lawyer guardian *ad litem* for the remaining infant defendant. The complaint demanded " That the Court shall adjudge and declare the true intent and meaning of the said last will and testament hereinbefore set forth and whether any, and if any, what provisions therein contained are contrary to the laws of the state of New York, and that such portions may be declared null and void."

The complaint expressly alleged that the devise in the fifth paragraph of the will was contrary to the statutes of this state. The answer of two of said infant defendants submitted their rights to the court, and the answer of the other fourteen infant defendants submitted their rights to the court and further expressly denied " that the demise in the fifth section of the will  *  *  *  is contrary to the statute in such case

made and provided," and further expressly alleged " that by force of the said demise a remainder expectant as to each share thereby devised upon the death of the life-tenant to whom each share was severally devised, was vested in these defendants in equal shares *per stirpes* and not *per capita*, subject only to be divested as to each defendant by his dying before his mother without issue living at the time of his death."

A trial in that action was had and judgment was entered therein declaring the alleged trust provisions of the will void, and further adjudging " that upon the death of the said John Tonnele his children then living became seized of all his lands and hereditaments in equal shares as tenants in common subject to the life estate of Cecile Tonnele." The defendants in this action are in possession of the lands described in the complaint under said children of John Tonnele.

The plaintiff in this action is the only child of Laurent John Tonnele, a son of John Tonnele. His father died June 8, 1901, and he subsequently brought this action of ejectment to recover a one-eighth interest in the property described in the complaint. He claims that the trust in said will is valid and enforcible, and that the action for the construction of said will was entertained without jurisdiction, and that he, as the owner of an expectant estate, was not represented in said action and that he is not bound by the judgment therein.

The facts existing at the time when said action for the construction of said will was commenced were somewhat unusual. It appears from the will that the testator intended that his executors as trustees should retain possession of the real property after the death of his widow. When Cecile Tonnele, the widow, died, both of the other persons named as executors were dead. The trust, so far as it was unexecuted, vested in the Supreme Court. (R. S. part 2, chap. 1, sec. 68 ; *Kirk* v. *Kirk*, 137 N. Y. 510; *Rogers* v. *Rogers*, 111 N. Y. 228.)

No trustee was appointed by the court. The plaintiff in the action commenced in 1874 could not consistently apply to the court for the appointment of a trustee so long as she denied that there was a valid trust. In the absence of a

trustee, the court may and will take upon itself the execution of a trust. (*Kirk* v. *Kirk, supra.*) There existed a real and substantial controversy between the testator's children and grandchildren relating to the construction of the will. The claim of the children of the testator was not only antagonistic to that of the grandchildren, but the difference was of such vital importance that a decision between them would settle the right to the possession of the real property and affect every act concerning its control and disposition. It was a controversy that the court, at some time in some action, would be called upon to determine. The Supreme Court at all times had the power to make the determination between the parties. It at all times had jurisdiction of the subject-matter so far as jurisdiction is synonymous with power. It has been uniformly held that the Supreme Court has jurisdiction to entertain an action brought by an executor, trustee, or *cestui que trust,* to construe a doubtful or disputed trust clause in a will. (*Anderson* v. *Anderson,* 112 N. Y. 104; *Wager* v. *Wager,* 89 N. Y. 161; *Read* v. *Williams,* 125 N. Y. 560; *Horton* v. *Cantwell,* 108 N. Y. 255; *Kalish* v. *Kalish,* 166 N. Y. 368; *Fox* v. *Fee,* 24 App. Div. 314.) Such jurisdiction is in no way dependent upon the trust being upheld. The action is for the express purpose of determining doubtful or disputed clauses in a will, and not for the purpose of upholding any particular construction thereof. If the action to construe the will of the testator had been brought by the executrix and trustee in her lifetime, or at the time that the action in 1874 was brought by a trustee appointed by the court, it would be quite clear that the court would have had jurisdiction of the same, and that it would have entertained such jurisdiction. There was no lack of power, therefore, in the court to construe the will. The court will assume jurisdiction of an action to construe a will brought by a next of kin wholly antagonistic to the trust when the will relates to personal property. (*Read* v. *Williams, supra; Bowers* v. *Smith,* 10 Paige, 193.)

It was said by this court in *Read* v. *Williams* (*supra*) that " The Code of Civil Procedure (section 1866) has extended the

remedy so as to include suits for construction of devises in behalf of heirs claiming adversely to the will." Jurisdiction will also be assumed by the court when there are special reasons why it should be assumed. (*Kalish* v. *Kalish, supra.*)

It is unnecessary to pursue the subject further for the purpose of determining whether a *cestui que trust* who is also an heir at law and next of kin and who repudiates the trust should be allowed to maintain an action to construe a will when the real purpose is to defeat and destroy an alleged trust therein.

In the action of 1874 the court did entertain jurisdiction and did construe the will. The plaintiff's attack upon the judgment is wholly collateral. All of the numerous authorities cited by him in which expressions are found to sustain his position are cases where the exercise of equitable jurisdiction was assailed by an appeal from the judgment or otherwise by direct attack. The courts in the administration of equitable jurisprudence refuse to entertain actions which only deal with legal estates and interests. (*Chipman* v. *Montgomery*, 63 N. Y. 221; *Bailey* v. *Briggs*, 56 N. Y. 407; *Post* v. *Hover*, 33 N. Y. 593; Pomeroy's Equity Jur. sec. 1156; *Matter of Mount*, 185 N. Y. 162.)

The question now for decision, however, relates to the power of the court over the subject-matter and not to the advisability and propriety of passing upon disputed claims in such equitable actions. The Supreme Court has full and unlimited power in law and equity. In the exercise of its equitable power many rules have been established for the protection of the parties and the court. The court will not sit in equity to determine academic questions or simply to advise parties where real interests and questions are not involved. For the purpose, among others, of protecting the rights of litigants to have questions of fact determined by a jury the court refuses to entertain equitable jurisdiction where there is an adequate remedy at law. (*Fox* v. *Fitzpatrick*, 190 N. Y. 259.)

There is a wide distinction between an entire lack of jurisdiction and power to determine a specified controversy and a

question of propriety as to whether the power vested in the court shall be exercised.

Pomeroy in his Equity Jurisprudence (3d ed. vol. 1, secs. 129 and 130) says: "In its most general sense the term 'jurisdiction,' when applied to a court, is the power residing in such court to determine judicially a given action, controversy, or question presented to it for decision. If this power does not exist with reference to any particular case, its determination by the court is an absolute nullity; if it does exist, the determination, however erroneous in fact or in law, is binding upon the parties until reversed or set aside in some proceeding authorized by the practice, and brought for that express purpose. * * * The proceedings and judgment of a court of chancery or of a court clothed with equity powers are not *necessarily* null and void because the action is not one which comes within the scope of the ' equity jurisdiction ' in the common acceptation of that phrase, or, in other words, because the claim is one for which there is a full, adequate and complete remedy at law. * * * If a court clothed with the equity jurisdiction * * * should hear and decide, according to equitable methods, a case which did not fall within the scope of the equity jurisprudence, because both the primary right invaded constituting the cause of action and the remedy granted were wholly legal, and belonging properly to the domain of the law courts, such judgment, however erroneous it might be and liable to reversal, would not *necessarily* be null and void. On the contrary, the objection that the case does not come within this so-called equity jurisdiction must ordinarily be definitely raised by the defendant at the commencement of the proceedings, or else it will be regarded as waived, and the judgment will not even be erroneous."

The Supreme Court in an action in equity within its general power must determine whether it will assert its jurisdiction, and the parties to an action are bound by the judgment rendered even if the determination is contrary to the generally accepted rules of equity jurisprudence unless the same is reversed or set aside upon appeal or by some other direct

attack. (*Anderson* v. *Carr*, 65 Hun, 179; affd., 137 N. Y. 565; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528; *St. Lawrence Co.* v. *Holt & Mathews*, 51 W. Va. 352; *Lemmon* v. *Herbert*, 92 Va. 653.)

The court was not without jurisdiction to render judgment in the action of 1874, but we have further to consider the question whether the plaintiff is bound by such judgment. When a judgment is obtained in an alleged action to construe a will through fraud or collusion or even by consent, the courts will, so far as possible, protect the rights of children who are subsequently born and become entitled to an interest in the decedent's property except for such collusive judgment. (*Monarque* v. *Monarque*, 80 N. Y. 320; *McArthur* v. *Scott*, 113 U. S. 340; *Miller* v. *Texas & P. Ry. Co.*, 132 U. S. 662.)

In the action in 1874 every question, relating to the construction of the will now raised by the plaintiff in this case, was in good faith raised by the defendant grandchildren upon issues properly framed, and such issues were orally presented to the court and briefs were submitted, copies of which fortunately were retained by the learned guardian *ad litem* and are now before us as a part of the record in this case. The court in this case, referring to the judgment in the action of 1874, has found " That the judgment was not a judgment by consent, and the said action was not a fraudulent or collusive one, and the devisees before the court in said action were all those at that time in being in whom the whole title of the property in question was vested, subject only to the contingency of afterborn issue of any of the parties." This finding is fully supported by the evidence. The infants could not and they did not consent to the judgment. The plaintiff in this action does not claim through his father, but through his grandfather. His interests were represented in the action of 1874 through the defendant grandchildren who claimed by virtue of the same construction of said will as now contended for by the plaintiff. Every person then in being was a party to the 1874 action. Assuming that the trust was a valid one, the parties to the action owned the real property subject only to

the contingency of the birth of other children within the trust term who would take some undivided interest in said property. In protecting the interests of the grandchildren then living the interests of children thereafter to be born were necessarily to the same extent protected. The judgment in that action was never reversed or set aside, and it was apparently acquiesced in and acted upon for nearly a third of a century.

Unless a judgment in an action so maintained is binding upon persons thereafter born occupying the same position and claiming by virtue of the same construction as asserted by the parties to the action, it would in many cases be impossible within reasonable limits of time to determine conflicting claims to real property. The binding force of such a judgment seems to have been authoritatively established in this court.

In *Kent* v. *Church of St. Michael* (136 N. Y. 10, 17), this court say : " Where an estate is vested in persons living subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto and affecting the jurisdiction of the courts to deal with the same, represent the whole estate, and stand not only for themselves, but also for the persons unborn. This is a rule of convenience, and almost of necessity. * * * The living parties defendant in that action were all opposed in interest to the plaintiffs, and the grandchildren belonged to and represented the class to which the unborn persons would belong. In such a case it is safe to permit the living to represent the unborn, and the unborn must be bound by the judgment confirming the title. There is no occasion for the court to make provision in the judgment for the persons not *in esse,* as they; by the adjudication of the court, never could have any interest in the land. The general rule that no person shall be bound by an adjudication in an action to which he is in no way a party has some exceptions, and does not inexorably apply to a case where, at the time of the adjudication, persons are not *in esse* who may be affected thereby."

In *Kirk* v. *Kirk* (*supra*), referring to the question now under consideration, the court say : " Whatever doubt there may have been upon this point has been put to rest, and the further discussion of the question foreclosed by the recent decision of this court in *Kent* v. *Church of St. Michael.*" (p. 516.)

In *Downey* v. *Seib* (185 N. Y. 427, 434) this court quotes with approval from the *Kent* v. *Church of St. Michael* case, and referring to an action relating to real property in which certain children then living who held the remainder in fee of the real property subject only to other children being born who would take an undivided interest therein, would be parties defendant, the court say : " In such an action those children (the defendants) would represent all who might be born thereafter, for they would have a common interest."

The plaintiff is bound by the judgment in said action of 1874. The order of the Appellate Division should be reversed and the judgment entered upon the report of the referee affirmed, with costs in this court and in the Appellate Division.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order reversed, etc.