THE CITY OF GENEVA, Respondent, *v.* ROBERT W. HENSON, Appellant, Impleaded with Others.

*City of Geneva* v. *Henson*, 142 App. Div. 928, affirmed.
(Argued April 24, 1911; decided May 9, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 21, 1911, which affirmed an order of Special Term confirming the report of commissioners of appraisal in condemnation proceedings, with notice of intention to bring up for review an interlocutory judgment entered upon the report of a referee determining the extent of the appellant's ownership of lands sought to be condemned.

*John D. Lynn, Philip N. Nicholas* and *John G. Farwell* for appellant.

*Arthur J. Hammond* and *W. Smith O'Brien* for respondent.

*Thomas Carmody, Attorney-General* (*Henry S. Bacon* and *J. A. Kellogg* of counsel), for state of New York.

*Per Curiam.* Upon a former review in this court of the proceedings had in this case, in which it had been held in the courts below that the title of the lands under the water of Seneca lake in front of the western shore thereof had passed to the state of Massachusetts under the treaty of Hartford in 1786 and that Henson, by

35

reason of his ownership of the uplands bordering upon the lake, became the owner of the lands under the waters thereof out to the point sought to be condemned in this proceeding, it was held that the order should be reversed upon the ground that in the description under which Henson derived title, his line ran to the lake and thence along the shore thereof, thus indicating an intention not to convey the title to the lands under water out to the center of the lake, but did include all docks, buildings and fixtures, rights and privileges then owned by the grantor, etc. (*City of Geneva* v. *Henson*, 195 N. Y. 447.)

On the retrial of the issues the referee has now found that under a proper construction of the treaty of Hartford the state of New York did not divest itself of the lands under the water of Seneca lake, it being navigable and used for commerce; and as to the extent of the title of Henson of the lands under the waters of the lake in front of his premises he followed substantially the opinion of this court on its former review. The report of the referee having been confirmed and the appraisal had, the case comes up for review under a unanimous affirmance of the Appellate Division.

We do not deem it necessary to now construe the treaty of Hartford and determine the question as to whether or not the lands under the water of Seneca lake passed to the state of Massachusetts. The question presented is as to the extent of the title of Henson. That question has to be determined from the description in his deed and that of his predecessors in interest and by his occupancy, and the determination of that question is not affected by the treaty, whatever may be its construction. This question was fully considered in the former review by this court, and, therefore, the order should be affirmed, with costs, upon that opinion.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Order affirmed.