MARJORIE WESSON FRANCIS, Plaintiff, *v.* DAVID MOORE WESSON and Others, Defendants.

Supreme Court, Richmond County, June 30, 1938.

*Elfers & Trebing* [*Herbert A. Trebing* of counsel], for the plaintiff.

*Daniel Cohen*, guardian *ad litem*, for nine infant defendants.

*William Osgood Morgan*, for the Montclair Trust Company and the estate of David Wesson, defendants.

*William C. Charles, Corporation Counsel* [*Joseph J. Dunn* of counsel], for the City of New York, defendant.

FROESSEL, J.   Mary Moore Wesson died on May 3, 1925, leaving a last will and testament which was admitted to probate in the Surrogate's Court of Essex county, N. J.   An exemplified copy of her will has been duly filed in the office of the surrogate of the county of Richmond.   She was survived by her husband and five children. She died seized of two parcels of realty in this State, one in the county of New York and the other in the county of Richmond.   Marjorie Wesson Francis, a daughter and heir at law of the decedent and a *cestui que trust* under her will, has instituted this action for a judicial construction thereof.   She contends that the provisions of

the will, in so far as they relate to the realty in the State of New York, are invalid and void, that her mother died intestate as to same, and that the title thereto descended, upon her death, to her sister, brothers and herself, subject, however, to the right of curtesy in her father.

The pertinent provisions of the will provide as follows:

" *Seventh.* All the rest, residue and remainder of my estate, both personal and real, whatsoever and wheresoever situate, I give, bequeath and devise unto my Trustees hereinafter named to invest and re-invest the personalty and to let and demise the real estate and pay the net interest and income arising therefrom as follows: One sixth part or share thereof unto my said husband David Wesson, one sixth part or share thereof unto each of my following named children, viz., Marjorie Wesson Francis, David Moore Wesson, Harry Burbank Wesson, Elizabeth Wesson Beatty and Edward Goodwin Wesson, for and during all the term of their natural lives and upon the death of my said husband David Wesson or of any of my children, said children leaving no issue him or her surviving, then the share or shares of income so given to them shall be distributed to the surviving distributees; Provided, however, should any of my said children die leaving issue him or her surviving, then the child or children of any child so dying shall receive such portion of the income as the deceased parent would have taken if then living.

" *Eighth.* Twenty-one years after the death of my last surviving child I direct my Trustees hereinafter named to pay, assign, transfer, grant and convey the principal of my said residuary estate unto my grandchildren *per stirpes*, absolutely and in fee simple."

In view of the fact that the special guardian for the grandchildren contends that the court lacks jurisdiction to determine the issues, consideration of that question will first be had. He urges that a court of equity exercises jurisdiction only to enforce a trust, and hence has no jurisdiction of a proceeding to construe a will leaving real property in trust where the sole purpose is not to enforce a trust but to declare it invalid as violating the statute against perpetuities. While the case of *Chipman* v. *Montgomery* (63 N. Y. 221) seems to sustain this view, later decisions of the Court of Appeals have modified and in effect overruled that decision. In *Read* v. *Williams* (125 N. Y. 560) the court (at p. 566) said:

" The jurisdiction of a court of equity to entertain an action in behalf of the next of kin of a testator for the construction of a will disposing of personal estate where the disposition made by the testator is claimed to be invalid or inoperative for any cause was asserted by the chancellor in *Bowers* v. *Smith* (10 Pai. 200), and

was maintained in *Wager* v. *Wager* (89 N. Y. 161), and in *Holland* v. *Alcock* (108 id. 312).

" It is true that in such cases the next of kin claim in hostility to the will, but the executors, in case the disposition made by the testator is invalid or cannot take effect, hold the personalty upon a resulting trust for those entitled under the Statute of Distributions, and thereby the jurisdiction to bring an equitable action for construction and to have the resulting trust declared by the court attaches as incident to the jurisdiction of equity over trusts. The Code of Civil Procedure (§ 1866) has extended the remedy so as to include suits for construction of devises in behalf of heirs claiming adversely to the will, and it would not be consistent with the spirit of this legislation to narrow the jurisdiction in cases of bequests of personalty. The case of *Chipman* v. *Montgomery* (63 N. Y. 221) contains expressions which, considered independently of the facts of the case, may seem adverse to this view, but as was said by RAPALLO, J., in *Wager* v. *Wager* (*supra*), ' the plaintiffs there had on their own showing no present interest in the property and might never have any.' "

In *Tonnele* v. *Wetmore* (195 N. Y. 436, at p. 442) the court said: " It has been uniformly held that the Supreme Court has jurisdiction to entertain an action brought by an executor, trustee, or *cestui que trust*, to construe a doubtful or disputed trust clause in a will. (*Anderson* v. *Anderson*, 112 N. Y. 104; *Wager* v. *Wager*, 89 N. Y. 161; *Read* v. *Williams*, 125 N. Y. 560; *Horton* v. *Cantwell*, 108 N. Y. 255; *Kalish* v. *Kalish*, 166 N. Y. 368; *Fox* v. *Fee*, 24 App. Div. 314.) Such jurisdiction is in no way dependent upon the trust being upheld. The action is for the express purpose of determining doubtful or disputed clauses in a will, and not for the purpose of upholding any particular construction thereof."

Section 205 of the Decedent Estate Law, which is substantially a re-enactment of section 1866 of the Code of Civil Procedure, neither defines nor limits the persons who may bring the action. I am of the opinion that the action may be maintained by the plaintiff and that the court has jurisdiction. (See, also, *Shuler* v. *Shuler*, 63 Misc. 604, 607; revd., 137 App. Div. 515, though sustained on this very point.)

Passing to a consideration of the paragraphs of the will in question, it seems to me that the testatrix has attempted to establish a trust of her residuary estate which is to continue for a period measured by six designated lives in being at the date of her death (namely, the lives of her husband and of her five children), and for an additional period of twenty-one years after the death of her last surviving child. These provisions violate the statute (Real Prop.

Law, § 42), because the duration of the trust is measured by more than two lives in being at the time of the testatrix's death (*Leach* v. *Godwin*, 198 N. Y. 35; *Matter of Silsby*, 229 id. 396), and for a definite period of years without reference to lives in being. (*Kalish* v. *Kalish*, 166 N. Y. 368; *Matter of Hitchcock*, 222 id. 57; *Haynes* v. *Sherman*, 117 id. 433; *Brown* v. *Quintard*, 177 id. 75.)

The language employed by the testatrix does not indicate an intention on the part of the testatrix to create six independent trusts as urged by the special guardian. Wherever she employed the words " part," " share " or " portion " she referred to the income and not the principal of the trust. There is no segregation or division of the principal into shares until the termination of the trust. The absence of any intention to create separate trusts and the failure to provide that a portion of the principal may be freed from the trust fund upon the termination of the respective lives in being precludes me from adopting the view of the special guardian. (See *Wells* v. *Wells*, 88 N. Y. 323; *Leach* v. *Godwin, supra; Matter of Magnus*, 179 App. Div. 359.) It is my conclusion that the trust of the residuary estate is void and that the testatrix died intestate as to the real estate situated in this State. Submit findings and judgment Friday, July 1, 1938, at eleven-thirty A. M.