Clemens *v.* Clemens.

———— • •.• ————

JAMES B. CLEMENS *vs.* JAMES C. CLEMENS, Jr., and others.

Where one of two trustees disclaimed acting as trustee, by an answer in chancery, in Missouri; *Held* that his subsequent death, without ever assuming the trust or claiming a right to act, made valid that disclaimer, and vested all the estate in the surviving trustee, and the *cestuis que trust* were bound by the decree in that suit.

Where the objects of a trust, in a will executed in Missouri, as to charity, as to accumulation, as to the limitatation for more than two lives, &c., were clearly void, under our laws, and could not be enforced here; and these provisions were so connected with the whole trust, and dependent upon their connection with the residue, that no part of the trust could be carried out without working injustice, and giving to a portion of the testator's family a larger share of the estate than was intended, if the whole trust could have been sustained; *Held* that the testator's objects would be much better accomplished by declaring the whole will void than by sustaining only small portions of the instrument.

Where proceedings in partition were in accordance with the act of 1831, which authorized publication against infant defendants who were non-residents, it was not necessary to appoint a guardian, unless they appeared.

The act of 1833, *it seems*, was not applicable to cases of non-residents; but it provided for cases where infant defendants were served and did not appear. In such cases, the court could, on application, appoint guardians for them. But even if guardians for non-resident infants who do not appear are neces-

---

Clemens *v.* Clemens.

---

sary, the omission to appoint them is but an irregularity, which must be taken advantage of promptly. The objection cannot be raised by a purchaser, when the infants have for some years been of age, and when a motion, if made, would be denied on account of the delay.

MOTION to compel a purchaser (Mr. Martin) to complete his purchase of certain lots sold under the judgment in this action.

The property was ordered to be sold under a judgment in partition. Objections were made to some defects in the proceedings, and on account of the supposed existence of a will of John Mullanphy, made in 1830. This will was admitted to probate in Missouri, but had never been proven here. It was said to be lost, and the witnesses were dead.

John Mullanphy, who was domiciled at St. Louis, Missouri, died there on the 29th of April, 1833. He left a large estate, real and personal, some part of the former situate in the city of New York. He left a widow and seven children surviving him; another child—a daughter— had died in his lifetime.

After his death, an application was made to the county court of St. Louis for probate of a will alleged to have been made by him, and to have been destroyed or lost. The application was denied; and on appeal to the circuit court, that decision was affirmed. But on appeal to the Supreme Court, it was reversed, and probate was granted, of the alleged will. This alleged will contained several bequests. The residue of his estate, real and personal, was bequeathed and devised in fee to trustees, upon certain trusts. The trustees were John O. Fallon, Thomas Biddle and George Collier. Biddle died before the testator; Collier expressly renounced, and refused to qualify or act as trustee. Fallon qualified as executor.

Subsequently, in a suit in equity, it was decided by the circuit court, in Missouri, that the bequest and devise of the residuary estate were invalid and void. And the heirs

at law executed deeds by which each took from the others one undivided seventh part of the estate.

In August, 1840, a suit was commenced in the court of chancery in this State, stating the foregoing facts as to the alleged will, and making all the children of John Mullanphy, and the children of his daughter Jane, (Mrs. Chambers,) two of whom had been born after John Mullanphy's death, parties. The object was to have a partition, and for that purpose, to have the respective rights of the parties declared. All of the defendants (including Mrs. Chambers' children) were non-residents. An order for publication, &c., was duly made, and none of the defendants appeared. An order was made declaring that the surviving children of John Mullanphy were seised of the estate in equal shares; ordering a sale of a certain part of the land; and dividing the residue among such children. Afterwards, in consequence of the death of some of the parties, a bill of revivor was filed, and the cause proceeded to a final decree. A part was sold in 1851, and the remainder was partitioned. Mrs. Clemens, one of the children, having died, her estate descended to the plaintiff and other children, who commenced a suit for partition of it. Judgment was rendered, and a sale ordered; and at that sale Mr. Martin was the purchaser.

*M. S. Bidwell,* for the plaintiff.

*Martin & Smith,* for the purchaser.

INGRAHAM, J. There are various objections taken to the granting of this motion. Such of them as I think material I will notice specially.

An objection is taken to the omission of one of the persons claimed to be trustees under the will, as a party. At the time of bringing the suit, he was alive, but had disclaimed acting as trustee. This was in an answer in chan-

Clemens *v.* Clemens.

cery, in Missouri. His subsequent death without ever assuming the trust, or claiming a right to act, would make valid that disclaimer, so far as it became impossible for him to act, and vested all the estate in the surviving trustee. He was bound by the decree in chancery, and the death of Collier having made him (the survivor) sole trustee, the estate vested in him, and the *cestuis que trust* would be bound by that decree.

I have examined this will with some care, and the opinion submitted of Judge Bonney, and have come to a conclusion, but with much hesitation, contrary to that expressed by him. Nearly all of the principal provisions in the will are conceded to be void. These lots are included in the devise to trustees. The objects of that trust, as to charity, as to accumulation, as to the limitation of more than two lives, and some of the other provisions, are clearly void, under our laws, and could not be enforced here. It seems to me that these provisions are so connected with the whole trust, and dependent upon their connection with the residue, that no part of the trust could be carried out without working injustice and giving to a portion of the family a larger share of the estate than was intended, if the whole trust could have been sustained.

To hold the devises to some of the children good, while the rest of the will is declared void, would be to increase largely the portions to some of the children, and decrease the portions to others. This does not seem to be consistent with the general intent of the testator; and his objects would be much better carried out by declaring the whole void than by sustaining only small portions of the instrument.

These views render it hardly necessary to examine the questions as to the existence of the will in Missouri. I cannot see, however, in what way that will can be proved in this State. After a lapse of thirty years, it can hardly be supposed such an attempt would be made. The hand-

Clemens *v.* Clemens.

writing cannot be proved without the production of the original; and it seems to be at least improbable that a will, under such circumstances, could in any way be admitted to probate.

The proceedings in the partition suit would bar these parties, also, from any further claim under the will; unless there are such irregularities in the proceedings as would make the judgment or decree therein rendered void. The only objection requiring examination is as to the non-appearance of the infant defendants by guardian. The proceedings were in accordance with the act of 1831, which allowed of proceedings by publication against infant defendants who were non-resident. In such cases it was not necessary to appoint a guardian, unless they appeared.

The act of 1833 I do not think applicable to cases of non-residents; but it provided for cases where infant defendants were served and did not appear. In such cases, the court could, on application, appoint guardians for them. Even if otherwise, it is but an irregularity, which should have been moved for much earlier than this day. The children have for some years been of age. A motion made now would be denied, on account of the delay.

Upon the consideration I have been able to give to this case, I am of the opinion there is no valid objection to the title.

Motion granted.

[New York Special Term, April 30, 1867. *Ingraham,* Justice.]