## SUPREME COURT.

MARY MONARQUE agt. ELLEN REQUA and others.

*Will — construction — void devise.*

Where a testator gave the income of his estate to his four daughters, to be divided between them equally "during their, and each of their, natural lives, with remainder to their respective children, and to their respective heirs, it being further provided that if either daughter should die without issue, the share of such deceased daughter should be divided between the survivor or survivors of them, share and share alike, &c. : "

*Held*, that the testamentary disposition was void, as creating a limitation beyond two lives in being at the testator's death.

*Special Term*, 1876.

*Gideon J. Tucker*, for plaintiff.

*L. S. Chatfield*, for defendant Eliza Monarque.

VAN VORST, *J.* — The plaintiff is a daughter of Jeremiah H. Monarque, deceased, and in and by her complaint claims that the second and third sections of her father's will are illegal and void, as contrary to the statutes of the state of New York, inasmuch as it is thereby attempted to suspend the absolute power of alienation of real estate, and the absolute ownership of personal property, for a longer period than for two lives in being, at the time of the death of her father.

The paragraphs of the will complained of are as follows :

" Second. I give and bequeath the income arising from my estate to my daughters, Ellen Requa, Louisa Dixon, Eliza and Mary, to be divided between them, share and share alike, during their and each of their respective natural lives, and

remainder to their respective children, and to their respective heirs and assigns forever."

" Third. It is my will, and I do hereby so order and direct, that if either or any of my said daughters shall die without lawful issue, that the share of said deceased daughter or daughters shall be divided between the survivor or survivors of them, share and share alike; and to their children, respectively, as above expressed." ·

The testator having, by the first paragraph of this will, given to his wife the use of all his real and personal estate during her natural life, the enjoyment and participation of the four daughters in the income, commences with her death.

· The effect of the second paragraph of the will is to suspend the absolute power of alienation of the realty and the absolute ownership of the personalty for four lives.

The gift to the four daughters is of the income arising from the testator's estate, share and share alike, during their and each of their lives.

This renders the estate inalienable during the lives of the four children and the survivors of them. The remainder over is to the children and heirs of the four daughters, to take effect in possession, after the death of the last surviving daughter. Such disposition is void. The limitation over after the death of the wife, leaving to the four daughters during their lives, without any separation of the estate into shares, and to continue during the lives of the four, is a limitation clearly beyond the continuance of two lives in being, at the death of the testator, and is void by the statute, leaving the fee to vest immediately in the heirs at law, subject only to the life estate of the wife (3 *Rev. Stat.* [*5th ed.*], *p.* 11, *secs.* 14, 15 ; *Coster* agt. *Lorillard*, 14 *Wend.*, 265 ; *Hawley* agt. *James*, 16 *id.*, 61). The life estate given to the wife is separate from the other life estates ; it does not disturb the continuity of the descent, and is therefore valid (*Savage* agt. *Burnham et al.*, 17 *N. Y.*, 561 ; *Kane and wife* agt. *Gott*, 24 *Wend.*, 641).

Monarque agt. Requa.

It must, therefore, be determined in this action, that the said decedent died intestate as to all the rights and interests in his property attempted to be devised or bequeathed by the second and third paragraphs of his will, and that the fee and title to said property, attempted to be given thereby, vests immediately in the heirs at law of the testator, subject only to the life estate of the wife, and there should be judgment accordingly.