Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

F. Barker, for appellant.

L. W. Hamberger, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff, as an administratrix, to recover damages caused by the death of her intestate, alleged to have been due to the negligence of the defendant. The plaintiff moved upon her own petition, setting up her appointment as administratrix, and, among other things, alleging that she was a married woman, and was not worth the sum of $100 besides her wearing apparel and the subject-matter of this action, and that she had no means whatever to defray the necessary expenses in the prosecution of this action. There was no allegation whatever contained in the petition as to the condition of the estate of which she was administratrix. It is clear that under this condition of proof there was no evidence before the court which justified it in making the order appealed from.

Furthermore, there was nothing in the order assigning any counsel to prosecute the action, as required by section 460 of the Code of Civil Procedure; nor was there any provision that such counsel should act therein without compensation, as is also required by the section. In all cases where an application is made for an order admitting a party to prosecute as a poor person, it would seem to be the better practice to file the consent of the attorney assigned to prosecute without compensation with the moving papers, and also to have a provision that he shall act without compensation incorporated in the order.

For the reasons above stated, the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

(24 App. Div. 314.)

FOX et al. v. FEE et al.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. WILL—BENEFICIARIES.
   Where testator devises land to a son for life, with remainder to his children, if he leaves any; if not, to his other sons,—the children of the other sons take no interest in the land under the will.

2. ESTOPPEL—WARRANTY DEED.
   The persons to whom a will gave a conditional remainder in land having joined in a warranty deed of the land with the person to whom the will gave a life estate therein, neither they nor their heirs can claim title thereto under the will.

3. PARTITION—PARTIES.
   Failure to make persons having liens or interests in an estate partitioned parties, does not invalidate the judgment as to the parties to the action whose interests are adjudicated therein.

4. INFANTS—GUARDIAN AD LITEM—JUDGMENT.
   Judgment against infants in an action relative to real estate is merely voidable because a guardian ad litem was not appointed.

5. ANNULLING WILL—PARTIES—EXECUTORS.
     Testator's executrix, being given no title to land devised by the will, is not a necessary party to action to annul the will.

6. PARTITION—PARTIES—AFTER-BORN PERSONS.
     The provision of 2 Rev. St. p. 326, § 55, under the title of "Actions in Partition," that, "if the persons entitled to any such estate" be unknown, the court shall make such order for the protection of their rights as if they were known and had appeared, has no application to unknown or after-born persons adjudged to have no interests in the lands.

7. SAME—VIRTUAL REPRESENTATION.
     Children born after an action of partition of land devised, who can have no interest in the land except through their father, are virtually represented in the action by his being a party thereto.

8. JUDGMENT—EFFECT.
     Judgment in action between the heirs and devisees of testator to declare his last will void, and to partition the land, entered by consent of the parties, is conclusive against another will, executed a year before, against all the parties, including those represented by guardian ad litem, the prior will having been in evidence, and the judgment declaring testator devoid of testamentary capacity at the time of executing the last will and at all times for over two years prior thereto.

Action by Morton E. Fox and others against James Fee and another. Verdict was directed for plaintiffs, and defendants took exception thereto, which was ordered to be heard in the first instance in the appellate division. Exception sustained.

This action (ejectment) was begun July 29, 1896, the plaintiffs alleging that they are the owners in fee and entitled to the possession of the premises described in the complaint. The defendants answered jointly, denying each and every allegation in the complaint, except the allegation that defendants were in possession of the premises, and they allege that the defendant James Fee is the owner of the premises in fee, and that defendant John Barton is the tenant of James Fee. At the close of the evidence the court directed a verdict in favor of the plaintiffs for the possession of the land, to which direction the defendants excepted, and the court ordered that their exceptions be heard in the first instance by this court. All the litigants agree that Henry Fox died October 11, 1867, seised in fee of three houses and lots in the city of Rochester, known as Nos. 14, 16, and 18 Pleasant street, he being the common source of title. The lot formerly known as No. 18, and now as No. 19, is the land described in the complaint. The decedent left him surviving Henry C. Fox, George M. Fox, and Charles M. Fox, sons, his only heirs and next of kin, all of whom were then of full age except Charles M. Fox, who became 21 years of age July 28, 1868. He left a widow, Eliza W. Fox, then of full age, who was the mother of said heirs, and who died in September, 1875. The decedent left a paper, executed April 15, 1867, which purported to be his last will and testament, which was admitted to probate by the surrogate of the county of Monroe, November 27, 1867, and recorded in Book No. 13 of Wills, at page 240, and letters testamentary issued thereon to Eliza W. Fox, the executrix nominated in said will. By this will the decedent assumed to devise and bequeath to his widow the use of his entire estate during her life, and after her death the real estate as follows: Lot No. 14 Pleasant street to his son George M. Fox, for life, and the remainder to his children, if he left any, but, if none survived him, the remainder to the testator's sons Henry C. Fox and Charles M. Fox, or to the survivor of them. Lot No. 16 Pleasant street to his son Henry C. Fox for life, and the remainder to his children, if he left any, but, if none survived him, the remainder to the testator's sons Charles M. Fox and George M. Fox, or to the survivor of them. Lot No. 18 Pleasant street to his son Charles M. Fox for life, and the remainder to his children, if he left any, but, if none survived him, the remainder to the testator's sons Henry C. Fox and George M. Fox, or to the survivor of them. May 14, 1869, Charles M. Fox, the father of the plaintiffs in this action, began an action in the supreme court by the personal service of a summons wherein he was

plaintiff, and Eliza W. Fox, the widow of Henry Fox, George M. Fox, son of
Henry Fox, and Henry C. Fox, son of Henry Fox, and Cornelia P. Fox, his
wife, Maud Fox and Effe Fox, the infant children of Henry C. and Cornelia P.
Fox, were defendants. In the complaint in that action, verified June 15, 1869,
it is alleged that Henry Fox died seised of the three lots hereinbefore men-
tioned, leaving a widow and three sons, and that he left a will, which was pro-
bated November 27, 1867. It was further alleged that the devise of real
estate was void because the testator was without testamentary capacity, being
of unsound mind, and incapable of devising realty, and it was further alleged
that the three sons of Henry Fox upon his death each became seised in fee
of an undivided third of his realty, subject to the dower right of their mother.
The prayer for relief demanded a judgment that the will be declared void,
and that the land be partitioned among the heirs, and a gross sum be paid
to the mother for her dower right. A guardian ad litem was appointed for
the infant defendants, who served the usual answer, submitting the rights
and interests of the infants to the protection of the court. All the other
defendants made default. A reference was ordered to take proof of the facts
and report to the court. The widow of Henry Fox, his three sons, and his
attending physician testified before the referee, and all swore to facts conclu-
sively showing that Henry Fox was incapable of making a will. The referee
reported that "the said Henry Fox was, at the time of the making and execu-
tion by him of his said last will and testament, on the 15th day of April, 1867,
of unsound mind, and was entirely devoid of all testamentary and devising
capacity, and had been of such unsound mind for two years prior thereto, and
during all that time incapable of making a will." The evidence taken by the
referee is annexed to his report, and is quite sufficient to sustain the conclu-
sion reached by the referee. July 27, 1869, a judgment was entered in the ac-
tion, adjudging that the last will and testament of Henry Fox, "dated the 15th
day of April in the year 1867, and mentioned, referred to, and described in
the said complaint, was and is invalid, inoperative, and void, and that the
said Henry Fox was, at the time of the making and execution thereof by him,
and for upwards of two years next preceding the execution thereof had been,
continuously without any lucid interval, of unsound mind, and was during all
the time aforesaid entirely devoid of all testamentary and devising capacity,
and incapable, by reason thereof, of making a valid will or devise; and also
that by reason of the voidness of such will or devise that the interests of the
several and respective parties to this action are as ascertained, stated, and set
forth in the said report; and that the plaintiff, Charles M. Fox, and the de-
fendants Henry C. Fox and George M. Fox are seised of and entitled to the
lands described in the said complaint, and hereinafter described, and of the
tenements and hereditaments and with the appurtenances, as tenants in com-
mon thereof in fee simple, subject to the dower interests therein stated in such
report." It was further adjudged that the real estate was incapable of actual
partition, and that it should be sold, and a gross sum paid to the widow for
her dower interest therein, and the remainder distributed among the three
sons. October 8, 1870, letters of administration were granted by the surro-
gate of the county of Monroe to Eliza W. Fox, widow of Henry Fox. On July
27, 1869,—the same day that the judgment was entered,—Henry C. Fox, Corne-
lia P., his wife, George M. Fox, and Charles M. Fox, by a warranty deed, con-
veyed all the real estate left by Henry Fox, their father, and described in the
judgment, to Eliza W. Fox, their mother, in consideration of "one dollar and
other good and valuable consideration," which deed was duly recorded on
the day of its date. August 1, 1871, said Eliza W. Fox conveyed lot No. 18
to Syrene T. Haseltine in consideration of $10,000, which deed was duly re-
corded August 3, 1871. January 28, 1882, Syrene T. Haseltine conveyed lot
No. 18 to James Fee, in consideration of $8,250, which deed was duly recorded
January 28, 1882. The defendant James Fee claims title to the lot under the
foregoing chain of title. October 19, 1871, Charles M. Fox and Mary E. ———
intermarried, and three children—the plaintiffs in this action—were born unto
them. June 29, 1896, Charles M. Fox died intestate, leaving Mary E. Fox,
his widow, Morton R. Fox, Stanley H. Fox, both of full age, and Mabel W.
Fox, an infant, his sole heirs and next of kin. After the death of her hus-
band, Mary E. Fox found in a trunk a paper executed December 27, 1866, by
Henry Fox, purporting to be the last will and testament, on which was in-

dorsed: "Canceled this, the 15th day of April, 1867. Henry Fox." It will be observed that this indorsement bears the same date as the second will, which was admitted to probate November 27, 1867. Under advice of counsel, she assumed to have the will executed December 27, 1866, probated July 22, 1896, by the surrogate's court of the county of Monroe. By this alleged will the decedent assumed to devise his real estate in precisely the same manner as he assumed to devise it in the will executed April 15, 1867. The will of December 27, 1866, was introduced in evidence in the action in the supreme court, —"the first will, produced and proved by the witness, made December 27, 1866." Under both wills these plaintiffs claim title to the land in dispute.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John Van Voorhis, for plaintiffs.
Theodore Bacon, for defendants.

FOLLETT, J. The defendants took no exceptions to the rulings admitting or excluding evidence on the trial, and the only question before this court arises on the exception taken by them to the direction of a verdict for the plaintiffs. The plaintiffs claim to recover possession of this lot upon the ground that they are its owners in fee, either under the will executed April 15, 1867, by Henry Fox, or under the will .executed by him December 27, 1866. The will of April 15, 1867, revoked all former wills made, and, if it is valid, the will executed December 27, 1866, was revoked, and is invalid. It is an elementary rule that a plaintiff in an action of ejectment must succeed, if at all, on the strength of his own title, and that he can never succeed because of some weakness in the title of his adversary. Did the plaintiffs acquire title to the lot under the will of April 15, 1867? It is clear, I think, that by force of the judgment of July 27, 1869, declaring the testator incompetent to devise realty, the plaintiffs in this action acquired no title to lot No. 18 by virtue of that will. Under the statutes of this state the decree of the surrogate admitting to probate the will of Henry Fox, devising land, was not conclusive on the heirs of the testator, who could contest the validity of the devise by an action of ejectment, of partition (section 2, c. 238, Laws 1853), or by a special action brought to determine the validity of the devise (Laws 1853, c. 238, § 1; Bowen v. Sweeney, 89 Hun, 359, 35 N. Y. Supp. 400, and authorities cited). In the action in the supreme court which resulted in the judgment of July 27, 1869, the widow, the heirs of the testator, and all of his grandchildren, who were the only persons then in being who might by any possibility, take under the will, were parties, and it seems to me that this judgment is a conclusive bar of the claim of these plaintiffs under that will. It is contended in behalf of the plaintiffs that the judgment of July 27, 1869, is void as against these plaintiffs upon four grounds: (1) Because the guardian ad litem of the infant defendants therein was not appointed by the supreme court, as required by section 2, tit. 3, c. 5, pt. 3, 2 Rev. St., but by a justice of the supreme court; (2) because it does not appear that the guardian ad litem gave a bond, as required by the third section of said title of the Revised Statutes (2 Rev. St. p. 317, §§ 2, 3); (3) because Eliza W. Fox, the executrix of the estate of Henry Fox,

was not a party to the action in her representative capacity; (4) because the interests of the after-born grandchildren were not protected by the judgment pursuant to the Revised Statutes (2 Rev. St. p. 326, § 55). These objections do not affect the validity or conclusiveness of that judgment. By both wills the realty is devised by three independent clauses. One clause devises lot No. 14, one clause lot No. 16, and another clause lot No. 18. The infant defendants in the supreme court action were the children of Henry C. Fox, and they took no interest in lot No. 18—the land in dispute —under either will of their grandfather. In case Charles M. Fox, the devisee of lot No. 18, died without children, the remainder was to go to Henry C. Fox and George M. Fox, or to the survivor. No remainders were given in lot No. 18 to the children of Henry C. or George M. Fox. Had Charles M. Fox died without children, Henry C. and George M. Fox would, under the will, have taken the remainder, had they not conveyed the land by a warranty deed; but their children would have taken nothing by force of the will. The remainders of the children of the testator were alienable, and the children of the sons of the testator did not take remainders in the devises to their uncles. By the warranty deed executed July 27, 1869, by Henry C. Fox, George M. Fox, and Charles M. Fox to Eliza W. Fox, the grantors are estopped, as against Eliza W. Fox and her grantees, from asserting title to any part of the premises; and, in case either grantor dies without leaving children, the children of his brothers would be estopped from claiming title to the lot devised to the deceased uncle dying without children. 4 Kent, Comm. 98; Rawle, Cov. c. 11; 1 Jones, Real Prop. 690 et seq., and cases cited; Gerard, Real Estate (4th Ed.) 530, and cases cited. Consequently, Maud Fox and Effe Fox, the infant defendants in the action under consideration, had no interest in lot No. 18 under the will when the judgment was rendered, nor have they at any time since had any interest therein, nor can they ever have an interest therein under the will of their grandfather, had it been held valid; and, by the events which have happened, Henry C. Fox, their father, and George M. Fox, their uncle, have now no interest in lot No. 18, and never can have an interest therein under the will of their father, because of their warranty deed, and because Charles M. Fox died leaving children. The mere fact that persons having liens or interests in an estate partitioned are not parties does not invalidate the judgment as to the parties to the action whose interests were adjudicated therein, and, if Maud Fox and Effe Fox had not been made parties to the action, the judgment would nevertheless have been binding upon those who were parties to it. Again, a judgment rendered against infants in an action relating to real estate is not void, but voidable only, by reason of the fact that a guardian ad litem was not appointed. Croghan v. Livingston, 17 N. Y. 218; Rogers v. McLean, 34 N. Y. 536; McMurray v. McMurray, 66 N. Y. 175; Clemens v. Clemens, 60 Barb. 366, affirmed 37 N. Y. 59; Burnard v. Heydrick, 49 Barb. 62; Freem. Judgm. (4th Ed.) § 151. For these reasons it is quite immaterial whether their guardian ad litem was legally appointed, or whether he gave a bond.

It is asserted in behalf of the plaintiffs that the executrix of Henry Fox was a necessary party in her representative capacity to the action in the supreme court, and McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652, is cited in support of this contention. That case arôse over an estate consisting of lands and personal property, which the testator devised to his executors in trust, and directed that the income therefrom be paid to his children and grandchildren until the youngest grandchild, should he live to be 21 years of age, should arrive at that age, and then convey the remainder to his grandchildren in equal shares. The will was admitted to probate, and afterwards an action was brought by one of the children against the other children and all the grandchildren of the testator to annul the probate, and set aside the will, and a decree was entered annulling the will and its probate. The executors were not made parties to the action. Grandchildren were afterwards born, and they brought an action to recover their interests in the estate under the will of their grandfather, and it was held that the executors and trustees, who held the legal title of the estate, and were charged with the duty of protecting it, were necessary parties, and that the judgment annulling the will was not, for this reason, binding on the after-born grandchildren. The decision was based upon the ground that the title to the entire estate vested in the executors as trustees, and that their title could not be devested without being made parties to the action. This case is so explained in Miller v. Railway Co., 132 U. S. 662–671, 10 Sup. Ct. 206, where the doctrine of virtual representation is expressly sanctioned. The case at bar is quite different. Under neither of the wills of Henry Fox did his executors take any interest in the three lots specificallv devised to his sons, nor were they ever given power to sell those three lots, nor was the title to the remaining real estate of the testator, if he had any, devised to the executors under either will. They were simply given power to sell the real estate, if he had any, except said three lots. The executrix, having no title to the real estate involved in the action, was not a necessary party thereto.

Is the judgment void because it did not protect the rights of the unborn grandchildren of the testator? Section 55, tit. 3, c. 3, pt. 3, 2 Rev. St. (page 326), provided:

"Sec. 55. If the persons entitled to any such estate in dower, by the courtesy or by life, be unknown, the court shall take order for the protection of the rights of such persons, in the same manner, as far as may be, as if they were known and had appeared."

The provisions of this section were incorporated into section 1572 of the Code of Civil Procedure, and the title of the Revised Statutes relating to actions in partition was repealed by chapter 245 of the Laws of 1880. This provision is intended for the protection of unknown owners who have interests in the lands partitioned, but has no application to unknown or after-born persons adjudged to have no interests in the lands partitioned. It was never intended that a judgment in partition should provide for the protection of unknown or after-born persons adjudged to have no interests in the lands partitioned. Under the Revised Statutes, legal titles could not

be determined in an action of partition, though equitable titles could
be. Legal titles could be determined only in an action at law, and,
whenever it appeared in an action of partition that the legal title
was in dispute, the action was dismissed, or further proceedings sus-
pended until the determination of the legal title. But under chap-
ter 238 of the Laws of 1853 the legality of devises of land—the legal
title of persons claiming under a will—could be determined in an
action of partition, and the section of the Revised Statutes above
quoted has no application to after-born persons who are adjudged in
an action brought under this statute not to have any interests in the
lands involved in the action. As was said in Kent v. Church of
St. Michael, 136 N. Y. 10, 32 N. E. 704:

"There is no occasion for the court to make provision in the judgment for
the persons not in esse, as they, by the adjudication of the court, never could
have any interest in the lands." Page 18, 136 N. Y., and page 706, 32 N. E.

Again, the plaintiffs in the case at bar were not born when the
action of the supreme court was begun and terminated, and they
were virtually represented in that action by their father, who was
the plaintiff therein. Nodine v. Greenfield, 7 Paige, 544; Cheesman
v. Thorne, 1 Edw. Ch. 629; Kent v. Church of St. Michael, 136 N.
Y. 10, 32 N. E. 704; Townshend v. Frommer, 125 N. Y. 446, 26 N.
E. 805; Tiffard v. Hort, 1 Schoales & L. 386, 407; Miller v. Rail-
way Co., 132 U. S. 662–671, 10 Sup. Ct. 206; Story, Eq. Pl. (10th Ed.)
§ 144 et seq.; 1 Daniell, Ch. Pl. & Prac. (6th Am. Ed.) 228; Mitf.
& T. Eq. Pl. 24, 264; Freem. Judgm. (4th Ed.) § 172. In case the
apparent contingent interests (arising under a will) of persons born
after a judgment adjudicating the invalidity of the will cannot be
cut off by the doctrine of virtual or vicarious representation, a will
creating such contingent interests in favor of unborn children could
not be effectually adjudicated upon until all of the persons who may
have future contingent interests thereunder shall be born. Such a
rule would tie up the titles to real estate indefinitely, and would
be contrary to public policy. Williams v. Bankhead, 19 Wall. 563–
571. The rule here declared is not in conflict with Monarque v. Mo-
narque, 80 N. Y. 320. In that case—an action of partition—the
judgment appealed from took no notice of the rights of the after-
born children, and it was held that, as the court below did not un-
dertake to pass upon or protect their rights, its judgment did not
bar or conclude such children. The power of the supreme court is
distinctly recognized to decide in a proper action whether after-born
children may or may not have rights, and, in case they have, to pro-
tect them by its judgment. Had it been alleged in that action that
the testator's devise was invalid, that issue might have been deter-
mined for or against after-born children, not because they were par-
ties, because they could not be actual parties, but upon the theory
that they were virtually represented by the parties to the action.
It was further held that the contingent interests of after-born chil-
dren were not cut off by the judgment in Monarque v. Requa, 53 How.
Prac. 438, which was an action to construe the will, on the ground
that the facts did not present a proper case for the construction of

the will; and that, though the adults in that action might, by their consent, confer jurisdiction upon the court, so as to bind themselves, they could not, by consent, confer jurisdiction over after-born children, and so conclude them.

Does the judgment cut down the will executed December 27, 1866? It will be conceded that, if this will had been referred to in the complaint, and alleged to have been invalid, as it was not, the judgment would have been conclusive upon the question of its validity. Had the complaint been amended, after the evidence was taken, by adding an appropriate allegation that this will was invalid, the judgment would have been conclusive. The widow and the three sons of Henry Fox, the testator, were parties to that action, and were of full age. The plaintiff Charles M. Fox was represented by his attorney who brought the action, and he entered the judgment which declares that his father, Henry Fox, was incapable, by reason of unsoundness of mind, to make the will bearing date April 15, 1867, and that "for upwards of two years next preceding the execution thereof had been, continuously without any lucid interval, of unsound mind, and was during all the time aforesaid utterly devoid of all testamentary and devising capacity and incapable by reason thereof of making a valid will or devise," and that the real estate of which he died seised descended to his three sons, subject to the right of dower of his widow. Charles M. Fox estopped himself from questioning the judgment entered on his own motion. The guardian ad litem, the widow, Eliza W. Fox, George M. Fox, and Henry C. Fox signed the following consent indorsed on the judgment:

"We consent that the within decree be granted and entered as within, formal notice of motion being waived. Dated July 24, 1869.
                    "Ripson & Terry, Plaintiffs' Attorneys.
                    "J. A. Eastman, Attorney for Infant Defendants.
                    "Eliza W. Fox.
                    "George M. Fox.
                    "Henry C. Fox."

"A party to a civil action, who is of full age, may prosecute or defend the same, in person or by attorney, at his election, unless he has been judicially declared to be incompetent to manage his affairs." Code Civ. Proc. § 55; 2 Rev. St. § 11, p. 276. The guardian ad litem had the right to consent to an amendment to the complaint alleging the invalidity of the will under consideration, or to waive such an amendment; and the other defendants, being of full age, had the right to consent to or waive such an amendment to the complaint, and by consenting to the judgment have waived an amendment, and have consented to the entry of a judgment striking down the will; and all persons represented by or claiming under them are estopped from claiming adversely to the provisions of this judgment. In this connection attention may again be called to the fact that this will was introduced in evidence in the action in the supreme court; and the two surviving sons, Henry C. and George M. Fox, who testified on the trial of this action that their father was entirely capable of making a will, testified on the former trial to

facts and circumstances indicating that he was utterly incapable of making a will. Charles M. Fox, the father of these plaintiffs, testified on the trial of the first action to the same effect.

I am of the opinion that the plaintiffs failed to establish any title to, or right of possession of, the premises in dispute, and that the learned trial judge erred in directing a verdict for the plaintiffs. This conclusion is reached without considering the effect of section 3, tit. 5, c. 1, pt. 2, Rev. St., which is incorporated into section 2628 of the Code of Civil Procedure. Nor do I deem it necessary to consider the contention of the defendants that the judgment adjudging Henry Fox's incompetency for two years before his death to make a will, that he died intestate, and that his realty descended to his sons, subject to the dower right of their mother, was a judgment in rem, declaring the status of Henry Fox and of his realty, and so conclusive against all the world. In Ennis v. Smith, 14 How. 400, it was held that a judgment distributing the estate of a decedent among his heirs and next of kin was a judgment in rem, and evidence of the facts adjudicated against all the world. See also, Freem. Judgm. (4th Ed.) § 607.

The defendants' exception should be sustained, the verdict set aside, and a new trial granted, with costs to them to abide the event. All concur.