750          MATTER OF JABEZ A. BOSTWICK.

Surrogate's Court, New York County, January, 1922.    [Vol. 117.

Matter of the Estate of JABEZ A. BOSTWICK, Deceased.

(Surrogate's Court, New York County, January, 1922.)

Wills — bequest of part of residuary estate — direction as to payment of rents, issues and profits to widow and to son who predeceased mother leaving issue — conveyance and transfer of one-half of trust estate to son on arriving at twenty-one years of age — "death of my said son" refers to death either before or after mother — children of deceased son entitled to whole corpus of trust estate in equal shares — conveyance and transfer by trustee decreed.

Testator devised and bequeathed to a trust company one-third of his residuary estate in trust, with the following directions: To pay the rents, issues and profits thereof to his wife during her life, and upon her death to his son until he attains his majority, and thereafter during his life to pay him one-half of said rents, issues and profits; upon his arriving at the age of twenty-one years to convey, assign and deliver to him one-half of the trust estate, and "upon the death of my said son" to convey, assign and deliver all of the estate held in trust, be it the whole or one-half part thereof, to his lawful issue share and share alike or in default of such issue to his next of kin. The testator's widow survived him and though the son survived his father he predeceased his mother, leaving children him surviving. *Held*, that the words "upon the death of my said son" must be construed as referring to his death either before or after that of his mother.

The children of the deceased son are therefore entitled to the whole corpus of the trust estate in equal shares and the trustee will be directed under the will to make the proper conveyance and transfer.

That the son having reached his majority would immediately upon the death of his mother, the life tenant, have been entitled to one-half of the trust estate absolutely had he survived her, does not change the situation.

PROCEEDINGS upon the settlement of the accounts of a testamentary trustee.

Misc.]    Surrogate's Court, New York County, January, 1922.

Geller, Rolston & Blanc, for accountant.

Lawrence Atterbury (Charles Green Smith, of counsel), for Marie S. Gilbert, individually and as executrix.

Alfred Frankenthaler, special guardian for Bostwick infants.

Charles D. Donohue, special guardian for Francis infants.

Jay & Candler, for Marie C. de Cartier as executrix.

Seacord, Ritchie & Young, for general guardians of Bostwick infants.

Winthrop & Stimson, for Egerton L. Winthrop, Jr., as executor.

COHALAN, S.  This is a trustee's accounting, in which a question of construction has arisen by reason of the 4th paragraph of the will which disposes of the residuary estate.

The testator died in 1892, leaving a last will and testament which was admitted to probate in September, 1892.  The 4th paragraph of the will directed this residuary estate to be divided into three parts.  One of these parts is involved in the question of construction in this accounting.  Subdivision 3 of the 4th pagagraph of the will reads as follows:

" 3rd.  Another of said equal third parts I devise and bequeath to the Farmers' Loan and Trust Company of the City of New York in trust to manage and protect the same and to receive the rents, issues and profits thereof, and to pay the same quarterly as they accrue to my wife Helen C. Bostwick during her nat-

Surrogate's Court, New York County, January, 1922.      [Vol. 117.

ural life and upon her death to pay the same quarterly as they accrue to my son Albert C. Bostwick, until he shall arrive at the age of twenty-one years and after he has attained said age to continue to pay the rents, issues and profits of one-half of said trust estate to my said son during his natural life, and upon the arrival of my said son at the age of twenty-one years to convey, assign and deliver one-half part of the said estate so held in trust to my said son, and upon the death of my said son to convey, assign and deliver all the estate then held in trust, be it the whole or one-half part thereof as aforesaid, to the lawful issue of said Albert C. Bostwick, share and share alike, or in default of such issue to the next of kin of said Albert C. Bostwick.''

The testator's widow, Helen C. Bostwick, survived him and died on the 27th of April, 1920. Albert C. Bostwick, the testator's son, survived him but predeceased his mother, the life tenant. He died November 10, 1911. He left him surviving five children. He left a will in which Marie S. Gilbert is named as executrix. As such executrix she claims one-half of the corpus of the estate absolutely on the ground that Albert was over twenty-one years of age when he died and entitled to one-half of the principal of this trust fund, notwithstanding that he predeceased his mother, the life tenant. The accountant proposes to divide and distribute this entire fund to Albert's five children in equal shares and it is the opinion of the court that such proposed distribution is correct.

The fact that Albert, having reached his majority, would immediately upon the death of the life tenant have been entitled to one-half of the trust estate absolutely had he survived does not change the situation. He was not entitled to receive this one-half until after the death of his mother, the life tenant. As he died

first, the one-half was never conveyed or assigned to him, nor did there exist in him any right to such assignment or conveyance while his mother lived. That part of the will never operated. The whole of this trust fund was still in the hands of the trustee, and under these circumstances the trustee is directed under the will to " convey and assign all of the estate then held in trust, be it the whole or one-half thereof to the living issue of Albert C. Bostwick, share and share alike." The words " upon the death of my said son " must be construed as referring to death either before or after his mother. The language obviously does so apply and covers the contingency which has actually resulted. The whole estate was still held in trust at the time of Albert's death, and it must all be distributed to Albert's children, share and share alike.

Decreed accordingly.