In the Matter of the Judicial Settlement of the Account of the FARMERS' LOAN AND TRUST COMPANY, as Trustee under the Last Will and Testament of JABEZ A. BOSTWICK, Deceased.

MARIE S. GILBERT, Individually and as Executrix, etc., of ALBERT C. BOSTWICK, Deceased, Appellant; NEW ROCHELLE TRUST COMPANY and Others, Respondents.

First Department, November 3, 1922.

Wills — construction — trust for benefit of wife, income to go to son after mother's death — son to receive one-half trust estate on reaching majority but in case of his death estate held in trust to go to his issue or next of kin — son took vested remainder.

A vested remainder passed to the testator's son under a will which devised property in trust for the benefit of the testator's wife during her life and which provided that upon her death the income should be paid quarterly to the son until he arrived at the age of twenty-one and that at that time one-half of the trust estate should be given to the son absolutely and the income from the other half be paid to him during his life, and which further provided " and upon the death of my said son to convey " all of the estate then held in trust whether it be the whole or one-half part thereof to the lawful issue of the son share and share alike or in default of issue to his next of kin.

APPEAL by Marie S. Gilbert, individually and as executrix, etc., of Albert C. Bostwick, deceased, from so much of a decree of the Surrogate's Court of the county of New York, made on a final accounting of the testamentary trustee and entered in the office of of said Surrogate's Court on the 3d day of February, 1922, as directs a distribution under subdivision 3 of the 4th clause of the will which reads as follows:

" Another of said equal third parts I devise and bequeath to The Farmers' Loan and Trust Company of the City of New York in trust to manage and protect the same and to receive the rents, issues and profits thereof, and to pay the same quarterly as they accrue to my wife Helen C. Bostwick during her natural life and upon her death to pay the same quarterly as they accrue to my son Albert C. Bostwick, until he shall arrive at the age of twenty-one years and after he has attained said age to continue to pay

the rents, issues and profits of one-half of said trust estate to my said son during his natural life, and upon the arrival of my said son at the age of twenty-one years to convey, assign and deliver one-half part of the said estate so held in trust to my said son, and upon the death of my said son to convey, assign and deliver all the estate then held in trust, be it the whole or one-half part thereof as aforesaid to the lawful issue of said Albert C. Bostwick share and share alike, or in default of such issue to the next of kin of said Albert C. Bostwick."

*Lawrence Atterbury* [*Charles Green Smith* of counsel], for the appellant.

*Alfred Frankenthaler*, special guardian for infant respondents Albert C. Bostwick and others.

*Seacord, Ritchie & Young* [*Albert Ritchie* of counsel], for the respondents New Rochelle Trust Company and Marie S. Gilbert, as general guardians, etc.

FINCH, J.:

From a consideration of the whole will, it is not possible to find such evidence of testamentary intention as to compel a construction of the words of the above subdivision other than the construction that the words themselves import in said subdivision. (*Matter of Buechner*, 226 N. Y. 440, 444.) The learned surrogate held that the devise was contingent. (117 Misc. Rep. 750.) In this the learned surrogate was in error. The devise of the testator to his son, Albert, comes directly within the statutory definition of a vested remainder. (1 R. S. 723, §§ 11, 13; Id. 773, § 2; now Real Prop. Law, §§ 38, 40; Pers. Prop. Law, § 11.) In other words, upon Albert's attaining his majority, there was a person in being who would have an immediate right to the possession of the property on the termination of the precedent estate — the life estate in his mother. (*Lewis* v. *Howe*, 174 N. Y. 340, 347.) The only words upon which a contention that futurity is annexed to the substance of the gift could possibly be hung are the words " upon the death." These words do not imply as much futurity as the words " after the decease " and the latter have been expressly held not to prevent a vesting. (*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381.) Passing these words " upon the death," we next find that there is a specific direction to pay over upon the son's reaching twenty-one years of age. In *Brooklyn Trust Co.* v. *Phillips* (134 App. Div. 697; affd., 201 N. Y. 561) the court found words of survivorship which made the ultimate beneficiary uncertain, and

this, together with other expressions of futurity, clearly brought that case within the doctrine of futurity being annexed to the substance of the gift, and distinguished the case from the case at bar. Albert lived the stipulated time and his "right was then perfect. Only the outstanding trust for the widow has postponed its enjoyment." (*Matter of Ossman* v. *Von Roemer, supra.*) The physical delivery or non-delivery of the property did not affect the rights in the same.

The decree of the surrogate should be modified so as to contain a direction of the conveyance by the trustee of the fund in question as follows: One-fifth of two-thirds to each of the four children born after the making of the will of Albert C. Bostwick, and the remainder to the appellant Marie S. Gilbert, and as so modified affirmed, with costs to appellant payable out of the fund.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Decree modified as stated in opinion, and as so modified affirmed, with costs to appellant payable out of the fund. Settle order on notice.