JOSEPHINE D. WEEKS and Others, as Executors, etc., of BARTOW S. WEEKS, Deceased, Plaintiffs, *v.* ANNIE M. GUERIN and Others, Defendants.

Supreme Court, New York Special Term, June, 1923.

Wills — construction — right of widow to dower — accounting — trust estate — vested interests subject to be divested — when remaindermen represent the whole estate — when unborn children may be estopped.

Unless a will expressly states that provisions therein for testator's widow are to be in lieu of dower, she is entitled to both, unless said provisions are so clearly incompatible with her right of dower as to compel the conclusion that testator intended that she should elect, but where there is room for reasonable doubt as to testator's intention, the widow takes both dower and under the will.

A testator the larger part of whose estate was personal property with only one piece of realty, as to the management of which the will was silent, gave his residuary estate to his executor, in trust, to pay three-fourths of the net income thereof to testator's wife during her life and upon her death to his daughter during her life and to pay the remaining one-fourth of said income to his wife until his daughter should attain the age of twenty-one years and then to his daughter during her life. The will, which was admitted to probate in 1898, also provided: " Upon the determination of the trusts herein created I give, devise and bequeath the principal of my estate to the issue of my said daughter, share and share alike, the issue of such as may have died to take the share to which his, her or their parent would have been entitled if living. In the event of my daughter dying without issue I give, devise and bequeath the same in equal shares to my beloved mother,  *  *  *  and my beloved sister  *  *  * or to the survivor of them." At the time of his death and when his will was admitted to probate, the testator was survived by all the testamentary beneficiaries except unborn issue of his daughter. The mother of testator died in 1904 and all other survivors of the testator including his widow, sister and his daughter who never was married, are the defendants in the present action for the judicial settlement of the accounts of the original executor and trustee, now deceased, brought by his executors. The only objection to the account was as to the amount paid by the deceased executor and trustee to the widow of his testator for her dower interest in the real estate which said trustee had sold in 1910 under the discretionary power of sale in the will. This objection was made by the defendant successor trustee, recently appointed, claiming to represent the entire trust estate and unborn issue of testator's daughter. Upon granting a decree for the settlement of the accounts as filed, *held*, that the testator's mother and sister took a vested remainder in the trust estate subject to the contingency of being divested by the subsequent birth of any issue of the testator's daughter, and upon the death of testator's mother, if she died intestate, as must be presumed in the absence of proof to the contrary, her one-half of the remainder of the trust estate then became vested under sections 83 and 98 of the Decedent Estate Law in her daughter, the sister of the testator, and in her granddaughter, the daughter of her son, the testator, by representation. Thus the sister and daughter of the testator together were vested with the entire remainder of the trust estate, subject to the life estates of the widow and daughter, and subject also to the contingency of being divested by the

subsequent birth of issue of said daughter, who would then become vested with the entire said remainder. The sister and daughter of the testator being the only living owners of the vested remainder in the trust estate, having the same personal interest to protect the same for their own benefit as would unborn issue of said daughter, the sister and daughter of testator, under well-settled rules, represent the whole estate and stand both for themselves and persons unborn.

While as against strangers the objecting trustee represented the entire trust estate, yet as between the beneficiaries themselves, said trustee represents the widow just as much as it does unborn issue of the daughter, and while it was entirely proper to raise the question, yet the attitude of the present trustee could not affect the merits of the question any more than the attitude of the former trustee, who also represented the entire estate.

It would be unjust in the circumstances to require the estate of the former trustee to sustain the loss of the amount of the dower interest paid by him in good faith to the widow about the year 1911, and as the sister and daughter of the testator after such long acquiescence would be estopped from demanding a return of the dower, any unborn issue of said daughter would also be estopped.

ACTION to obtain judicial settlement of an account, involving construction of a will.

*Baldwin, Barns & Weeks* (*Charles J. McDermott,* one of the executors in person, and *William Murray,* of counsel), for plaintiffs.

*Battle, Vandiver, Levy & Van Tine,* for defendants Annie M. Guerin, Ida Guerin and Rose E. Texier.

*Lanman Crosby,* for defendant Farmers Loan and Trust Company.

DELEHANTY, J. This action was brought to obtain a judicial settlement of the account of the late Hon. Bartow S. Weeks, as the sole executor and trustee under the last will of Albert Guerin. A settlement of the account requires a construction of the said will. The plaintiffs are the executors of the said trustee. They have filed their said account, to which all objections have been withdrawn except as to two items aggregating $14,207, objected to by the defendant Farmers Loan and Trust Company, as the successor trustee under the said will. The amount represents payments made by the former trustee to the widow of the testator Guerin for her dower interest in his real estate sold by said trustee under a power of sale in the will. The successor trustee contends that such payments were unauthorized, as the provisions for the widow in the will were intended to be in lieu of dower, even though not so expressed, because, as alleged, the claim for dower was so inconsistent with the will and so repugnant to its dispositions that the widow was put to her election. Concededly, the widow has never made any election, but has had the full benefit of both dower and of all the provisions in the will in her favor. The will was made in April,

1897, and the testator, Albert Guerin, died on some date not indicated, prior to May 9, 1898, when the will was probated. After making certain provisions in the will not material here, the testator in the 4th paragraph thereof gave his entire residuary estate, both real and personal, to his executor and trustee upon trust to pay three-fourths of the net income thereof to his wife, Annie M. Guerin, during her life, and upon her death to his daughter, Ida E. Guerin, during her life, and to pay the remaining one-fourth of the net income thereof to his wife until his daughter should arrive at the age of twenty-one years, and then to his daughter during her life. By the 5th paragraph the testator provided as follows: " Upon the determination of the trusts herein created I give, devise and bequeath the principal of my estate to the issue of my said daughter, share and share alike, the issue of such as may have died to take the share to which his, her or their parent would have been entitled if living. In the event of my daughter dying without issue I give, devise and bequeath the same in equal shares to my beloved mother, Henrietta Elvina Guerin, and my beloved sister, Rose Elvina Texier, or to the survivor of them." By the 6th paragraph the testator appointed his " friend," the said Weeks, as " sole executor and trustee " and also authorized and empowered him to sell all his real and personal estate at public or private sale at such time and upon such terms as to him should seem meet, and to execute all instruments necessary to carry into effect the provisions of the will. At the time of the testator's death, and when the will was probated in May, 1898, he was survived by all the beneficiaries above named in the will, except the unborn issue of his daughter, Ida E. Guerin, who was then and still is unmarried and has no issue. The testator's mother survived him for about six years and died in 1904. All the other survivors, including his widow, sister and daughter of full age, are defendants in this action. The larger part of the testator's estate, aggregating $171,294.76, consisted of personal property, but a little over two-fifths thereof consisted of one piece of real estate, which was sold by the former trustee in April, 1910, for $70,000, and the widow was paid her dower interest therein as already indicated. Without discussing at length the numerous authorities cited by counsel on both sides, the settled rule of law as to election of dower is that dower is favored in the law, and the widow is entitled to both her dower and the provisions for her in the will unless the will expressly states that they are to be in lieu of dower, or that the provisions are so clearly incompatible with the right of dower as to compel the conclusion that the testator intended that the widow should make her election, but that where there is any room for doubt as to the testator's

intention the widow takes both dower and the provisions made for her in the will. *Horstmann* v. *Flege,* 172 N. Y. 381, 384; *Roessle* v. *Roessle,* 163 App. Div. 344, 358. The will in question does not state that the provision for the widow is to be in lieu of dower, and I am of the opinion that the provisions of the will are not so clearly repugnant to her right of dower as to compel the conclusion that the testator intended that the widow should make her election. In *Matter of Gorden,* 172 N. Y. 25, chiefly relied upon by the successor trustee herein, the testator left real estate worth about $240,000 and personal property worth only about $10,000. After certain minor legacies the testator gave his entire residuary estate to his trustees in trust to collect the rents and profits and pay one-third of the net income to his widow for life and the remaining two-thirds for the support of his children during their minority, with remainder over to his children. In that case the court expressly emphasized the fact that the testator there gave express directions to his trustees as to the management of his real estate, such as directing them " to keep the real estate in repair and to insure against loss by fire," giving them the right to mortgage and to sell and reinvest the proceeds in other real estate, and the court, therefore, came to the conclusion that these active duties thus imposed upon the trustees as to the real estate, " with the continuous management of all the real estate for a long term of years," were so repugnant to the right of dower that to allow the same would defeat the scheme of the will and frustrate the intention of the testator. In the instant case, however, the larger part of the estate was personal property, with only one piece of realty. In the *Gorden* case the large estate there was substantially all real estate, with only an almost negligible amount of personalty. In that case numerous directions were given by the testator as to the real estate and, as the court said, there was a " carefully devised plan to invest the trustees with the continuous management of all the real estate for a long term of years." In the present case no direction whatever was given as to the management of the testator's one piece of real property. This case, therefore, is distinguished from the *Gorden* case and is much more like the case of *Matter of Fitter,* 92 Misc. Rep. 706, where a testator directed that the shares of his daughters in his residuary estate, which included " several parcels of land," should " be held separately in trust for them " by his executors, " and the net income derived therefrom paid over to them during their natural lives, and on their death the principal of their shares " he directed " to be divided among their children." There, as in the instant case, the trustees were given title to the real estate in trust to pay over the net income to the life tenants,

but no directions were given as to the management of the testator's real estate, and there, as here, a power of sale was given to the executors. In that case the experienced and able Surrogate Ketcham held that as there was no specific direction as to the real estate there was no clear indication that the testator intended that the widow should be put to her election, and at page 709 the surrogate said: " Here, nothing of the devise in trust will fail of effect if the right of dower be recognized and assigned. The operation of the trust and the assertions of dower may coincide without offense to any purpose which the testator discloses." Likewise also in the instant case, almost identical in the material provisions of the will with the *Fitter* case, " the operation of the trust and the assertion of dower may coincide without offense to any purpose which the testator discloses." In fact, the discretionary power of sale given to the trustee could be, and was, exercised by the former trustee, and the widow was paid her dower interest, without defeating the intention of the testator or the scheme of his will. On the other hand, I am not unmindful of the force of the contention that there are expressions in the opinion of the court in the *Gorden* case and in other decisions that would seem to imply that the mere devise by a testator of his real estate to his trustee to pay the net income thereof to a life tenant, with remainder over, is alone and of itself sufficient to create a repugnancy fatal to a claim for dower. If so, and that alone were a conclusive test of the intention of the testator which must control then there would have been no necessity for the court in the *Gorden* case, and in the other similar cases, to write elaborate opinions to point out other additional tests in arriving at the intention of the testator. In a word, that test alone would not seem to be a conclusive one, for, as Surrogate Ketcham in the *Fitter* case, at page 708, *supra,* said: " The courts have generally looked to see whether, among the trust provisions, there was a direction that the trustees should perform specific duties with respect to the lands which by their nature would require entry upon the premises and the complete and exclusive management thereof." In the present case, therefore, in the absence of any other tests upon the face of the will a reasonable doubt arises, and under the settled rule, " if there is a reasonable doubt, with reference to the intention of the testator, the widow takes both dower and the provision made for her in the will." *Horstmann* v. *Flege,* 172 N. Y. 381, 384. Moreover, even though the correct technical construction of this will, upon its face, in the light of precedents alone, might lead to a different result, yet, as Judge Bartlett once said, " it is a trite saying that no will has a brother." *Collister* v. *Fassitt,* 163 N. Y. 281, 286. In other words, there are

certain other considerations and conceded facts in this case, not appearing upon the face of the will, which affect the question to be determined here and must now be considered to arrive at a just conclusion. For about a quarter of a century since the will was probated on May 9, 1898, the former trustee named and described as his " friend " by the testator, acted in perfect good faith upon the belief that the testator intended that his widow should have her dower in addition to the provisions for her in his will. All the other beneficiaries in being named in the will have always acquiesced in that belief, including the testator's mother, his sister and his daughter. About twelve years ago the widow was paid her dower interest in the property and no objection has ever been made to such payment by any one having any interest under the will. In the present action the defendants, who include all the beneficiaries thereunder, have made no objection. The only objection is made by the defendant successor trustee, recently appointed, and claiming to represent the entire trust estate and the unborn issue of the defendant daughter of the testator, who herself makes no objection thereto. In this connection it becomes material to note that the testator by his will provides as follows: " Upon the termination of the trusts herein created, I give, devise and bequeath the principal of my estate to the issue of my said daughter, share and share alike," and " in the event of my daughter dying without issue, I give, devise and bequeath the same in equal shares to my beloved mother, Henrietta Elvina Guerin, and my beloved sister, Rose Elvina Texier, or to the survivor of them." Under the statute and authorities I am of the opinion that the testator's words denoting a " present gift " created a vested remainder in the testator's mother and sister, who were both living upon his death and were the persons described in the statute, " in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates." Real Prop. Law, § 40; Pers. Prop. Law, § 11; *Moore* v. *Littel*, 41 N. Y. 66, 80; *Lewis* v. *Howe*, 174 id. 340, 346; *Matter of Bostwick*, 203 App. Div. 158. Such vested remainder would, of course, be subject to the contingency of being divested by the subsequent birth of any issue of the testator's daughter, who was then, and still is, unmarried. A vested or contingent remainder in real property is an expectant estate which is " descendible, devisable and alienable, in the same manner as an estate in possession." Real Prop. Law, § 59. The same is true also of vested or contingent interests in personal property. *National Park Bank* v. *Billings*, 144 App. Div. 536; affd., on opinion of Miller, J., below, 203 N. Y. 556. Hence, upon the death of the testator's mother, if she died intestate, as must be

presumed in the absence, as here, of any proof to the contrary (*Barson* v. *Mulligan*, 191 N. Y. 306, 324; *Matter of Cameron*, 47 App. Div. 120, 123), her vested half of the remainder of the trust estate then became vested in her daughter, the said sister of the testator, and in her granddaughter, the said daughter of her son, the testator, by representation. Decedent Estate Law, §§ 83, 98. Thus the sister and daughter of the testator together were vested with the entire remainder of the trust estate, subject to the life estates of the widow and daughter, and subject also to the contingency of being divested by the subsequent birth of issue of said daughter, who would then become vested with the entire said remainder. It is a well-settled rule that " where an estate is vested in persons living subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto, and affecting the jurisdiction of the courts to deal with the same, represent the whole estate, and stand not only for themselves, but also for the persons unborn. This is a rule of convenience and almost of necessity." *Tonnele* v. *Wetmore*, 195 N. Y. 436, 446; *Downey* v. *Seib*, 185 id. 427; *New York Life Ins. & Trust Co.* v. *Conkling*, 159 App. Div. 337, 342. Likewise also in the present case the sister and daughter of the testator are the only living owners of the vested remainder in the trust estate and they have the same personal interest to protect the same for their own benefit as would the unborn issue of the daughter. They, therefore, under the rule established by the authorities, " represent the whole estate and stand not only for themselves, but also for the persons unborn." The sister and daughter of the testator, having for many years fully acquiesced in the payment of dower to the widow, have thereby fully consented that their own vested interests in the estate should be somewhat reduced. In fact, the daughter has also consented that her life income shall also be proportionately reduced. Thus all the beneficiaries under the will, including the widow, have in effect arrived at a " family settlement which especially commends itself to a court of equity." *New York Life Ins. & Trust Co.* v. *Conkling*, 159 N. Y. 337, 343. While it is true that the objecting trustee represents the entire estate as against strangers, yet as between the beneficiaries themselves the trustee represents the widow just as much as it does the unborn issue of the daughter, and while it is entirely proper to raise the question yet the attitude of the present trustee cannot affect the merits of the question any more than the attitude of the former trustee, who also represented the entire estate. Another important consideration affecting the question is that under all the circumstances it would be unjust to require the estate of the former

trustee to sustain the loss of the amount of the dower interest paid by him in good faith to the widow, about twelve years ago, especially if the Statute of Limitations would be a bar to any recovery thereof from the widow. As the sister and daughter, after such long acquiescence, would now be estopped from demanding a return of the dower, the unborn issue of the daughter, who with the sister represents them and their interests, would also be estopped. As all other objections to the accounts of the plaintiffs have been waived, the accounts as filed must be allowed and judicially settled. Submit findings and decree on notice not later than the twenty-sixth instant.

Judgment accordingly.